DAN FRANKLIN V. STATE OF OHIO.

**Carnal Copulation in the Mouth with Another Person Constitutes
Sodomy.**

"Body" in R. S. 7020-1 (Gen. Code 13040), defining sodomy as
carnal copulation "in any opening of the body" except the
sexual parts, with another human being, is synonymous with
"person" or "human being"; hence, carnal copulation in the
"mouth" with another person is within the proscription of the
statute.

[Syllabus approved by the court.]

ERROR to common pleas court.

The indictment upon which this prosecution was based
charged that the accused "unlawfully did have carnal copulation
against nature with a certain male person * * * in an
opening of the body" of another.

There was no contradiction of the evidence on the part of
the prosecution that the accused, a grown man, had carnal
copulation with a boy about nine years on the date and at the
place averred. Penetration was clearly proved. The opening
penetrated was the mouth.

In the trial by the common pleas, no evidence was offered
by defendant; at the close of the state's case defendant moved
to direct a verdict of acquittal which was overruled; the jury
returned a verdict of guilty; later a motion for new trial was
overruled and error was prosecuted to the circuit court.

*Van C. Cook* and *C. L. McClellan*, for plaintiff in error:

"Body" in the statute does not include "mouth." *State
v. Edmunson*, 64 Mo. 398; *Sanchez v. People*, 22 N. Y. 147; 4
Am. & Eng. Enc. Law (2 ed.) 611; Black, Law Dict.; Webster's
New Inter. Dict.; Century Dictionary I.

Sodomy defined. Bouvier's Law Dict.; 25 Am. & Eng. Enc.
Law (2 ed.) 1144; 4 Black, Commentaries 215; *Prindle v. State,*

31 Tex. Crim. Rep. 551 [21 S. W. Rep. 360; 37 Am. St. Rep. 833]; 1 Russell, Crimes 937; *Rex* v. *Jacobs, Russ & Ry.* 331; *State* v. *Fox,* 6 Crim. Law Rec. 389.

Construction of penal statutes. *Hall* v. *State,* 20 Ohio 6; *Shultz* v. *Cambridge,* 38 Ohio St. 659; *State* v. *Meyers,* 56 Ohio St. 340 [47 N. E. Rep. 138].

*Jas. W. Galbraith,* Pros. Atty., for defendant in error:

The "mouth" is an "opening of the body." 1 Enc. Brit. (9 ed.) p. 799; Webster's Intercollegiate Dict.; Laning, Crim. Law & Pr. (2 ed.) 532; *Honselman* v. *People,* 168 Ill. 172 [48 N. E. Rep. 304]; *Kelly* v. *People,* 192 Ill. 119 [61 N. E. Rep. 425; 85 Am. St. Rep. 323]; Hughes, Crim. Law & Proced. Sec. 2290; *State* v. *Williams,* 34 La. 87; Underhill, Crim Ev. p. 422, Sec. 360.

Rule of construction of criminal statute. *Woodworth* v. *State,* 26 Ohio St. 197, 198; Laning, Crim. Law & Pr. pp. 533, 534; Universal Dict. English Language; Hughes, Crim. Law & Pr. p. 585, Sec. 2289; *Foster* v. *State,* 1 Circ. Dec. 261 (1 R. 467).

## PER CURIAM.

The question in this case arises upon the construction which the court of common pleas gave to R. S. 7020-1 (Gen. Code 13043), or more particularly to that part of the section wherein the court instructed the jury as to the meaning of the word "body." The court, in its instruction to the jury, defined the word "body" as synonymous with "person" or "human being." If this was a correct construction, then the verdict and judgment was right.

It is contended by plaintiff in error that the true construction to be given to this section of the statute, and to this portion thereof, is that the word "body" is to be construed as the human trunk excluding the head and limbs. If that is the true construction of this section of the statute, then the verdict and judgment was not sustained by the evidence and the instruction of the trial court was erroneous and prejudicial.

At common law, the crime of sodomy would not have been established by the proof in this case, but this crime was not

Franklin .v. State.

recognized as a crime in the state of Ohio until the enactment of this section of the statute, and we think the manifest purpose and object of this section of the statute was to punish this character of unnatural crimes.

The contention of counsel for plaintiff in error that criminal statutes should receive strict construction and be limited to the express terms of the statute is undoubtedly correct, and the courts have uniformly so held as a safeguard to the rights of the citizen, but our Supreme Court, in recent decision in the case of *Conrad* v. *State*, 75 Ohio St. 52 [78 N. E. Rep. 957; 6 L. R. A. (N. S.) 1154; 8 Ann. Cas. 966], lays down this rule:

"The rule as to strict construction of penal statutes does not require the courts to go to the extent of defeating the purpose of the statute by a severely technical application of the rule."

As we have said, we think the purpose of the enactment of this statute was to punish this unnatural crime, and approved lexicographers define "body" as a "person," a "human being," and with such a construction as this, and the manifest purpose of the legislature in enacting the law, we are not inclined to say that the construction the court of common pleas placed upon this section of the statute was wrong, nor to adopt such a severe technical construction as would defeat the manifest purpose of the legislature in its enactment.

Finding no error in this record to the prejudice of the plaintiff in error, the judgment of the court of common pleas is affirmed with costs and remanded for execution.