**PHILLIPS, Admrx v
COMMUNITY TRACTION CO**

Ohio Appeals, 6th Dist, Lucas Co

No 2816. Decided Sept 14, 1933

Edward P. Buckenmyer, Toledo, for plaintiff in error.

Tracy, Chapman & Welles, Toledo, for defendant in error.

**OPINION**

By RICHARDS, J.

The only question presented by this record is whether the releases, purporting to fully and completely discharge The Community Traction Company from all liability, are a bar to an action instituted by the administratrix to recover damages for pecuniary injury suffered by the children of the decedent caused by her death resulting from said injuries.

During the lifetime of Mary C. Jones the only cause of action existing in her was the one held by her entitling her to recover damages for the injuries she suffered upon establishing the facts justifying such recovery. That was the only cause of action which she could settle. Upon her death, resulting from the injuries, another cause of action arose in favor of her administratrix and for the benefit of her next of kin. This cause of action was one over which the deceased never had any control. There were, therefore, two successive and independent causes of action and while this is not the rule in all of the states, it is the one which has long been applied in Ohio, and the Supreme Court has often so construed the statute.

Railroad Co. v Van Alstine, 77 Oh St 395:

Coal Co. v Robinette, Admr., 120 Oh St 110;

Maguire, Admrx. v Traction Co., 23 O.C.C., 23, affirmed without opinion in 87 Oh St. 512;

Industrial Commission v Kamrath, 118 Oh St, 1;

Industrial Commission v Davis, 126 Oh St 593, decided May 31, 1933.

Of course the husband had no control over a cause of action which did not yet exist and which, when it did arise, would be for the benefit of all the next of kin.

As said by the Supreme Court in deciding **U. S. Fidelity & Guaranty Co. v Decker, Admr., 122 Oh St, 285,** in speaking of the proceeds arising from the prosecution of a death claim:

"It will readily be conceded that such a fund is not a part of the assets of the estate of the decedent. It is not property which belonged to the decedent in his lifetime, and the claim did not come into existence until his death. In the nature of things, it could not even be inventoried as a part of the estate. The fund is not subject to administration and distribution like property of which the decedent died siezed."

See also Wall, Exrx. v Railway Co., 229 Mass., 506.

From what has been said it is apparent that the trial court erred in overruling the demurrer and dismissing the petition. The judgment is therefore reversed and the cause remanded to the Court of Common Pleas with directions to sustain the demurrer and for further proceedings.

Reversed and remanded.