**PILKINGTON v SAAS et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2605.   Decided Nov 17, 1937

Ropert N. Draper, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined as an error proceeding from the judgment of the Court of Common Pleas of Franklin County, Ohio, on plaintiff's appeal on questions of law.

In the court below the defendant Saas filed answer to plaintiff's amended petition, setting up three defenses. The second and third defenses were affirmative in their character. The plaintiff filed demurrer to both the second and third defenses of the answer. Upon hearing, plaintiff's demurrer was overruled. At a later date the trial court, being advised that the plaintiff did not desire to plead further and holding that the second and third defenses of the answer of the defendant Saas stated separate and complete defenses to the cause of action set forth in the petition, it was ordered that plaintiff's petition be dismissed and that the defendant Saas recover his costs. This is the final order from which plaintiff duly filed her notice of appeal on questions of law.

The following brief summary will render understandable the nature and scope of the controversy:

Plaintiff in her petition alleged that she was the duly appointed, qualified and acting administratrix of the estate of Ralph Pilkington, deceased. That on the 7th day of April, 1934, while crossing the intersection of North Fourth Street and Warren Street, Columbus, Ohio, he was struck and injured by a Chevrolet truck negligently operated by the defendants. The petition further sets forth the provisions of certain ordinances of the city of Columbus, Ohio, and enumerates certain specific acts of negligence, upon which are predicated the claim that certain specified injuries sustained by Ralph Pilkington were proximately caused through the negligent operation of the said truck by the defendants. It was also stated in the petition that as a result of said injuries to the said, Ralph Pilkington, acute tuberculosis set in, from which he died on the 2nd day of July, 1935.

This action was instituted as a death claim, as shown from the following paragraph in the petition:

"That Ralph Pilkington left surviving him his mother Abby Pilkington who is the only next of kin of said decedent and for whose benefit this action is brought; that at the time of the accident said Ralph Pilkington was eighteen (18) years of age, in good health. and able to earn substantial wages; that by reason of his death, his beneficiary has suffered a loss in the sum of twenty-five thousand dollars ($25,000.00) and her costs herein expended."

The defendant Benjamin Tompkins. doing business as Tompkins Ice Cream Company, filed no answer or other pleading. We are not advised from the transcript of docket and journal entries whether or not this defendant was served with summons. However, no judgment was taken against Tompkins or the ice cream company. The only answer was filed by the defendant Ferrell Saas.

In the first defense of the answer, after admitting that the streets named were duly dedicated thoroughfares of the City of Columbus, Ohio, and their location and course, then followed a general denial.

The first defense also contained specific denials of any acts of negligence on the part of the defendant and also specifically denied the claimed injuries were the cause of decedent's death.

The second defense avers a full settlement with Ralph Pilkington and his mother, Abby Pilkington, through payment in the sum of $495.00, which was paid on the 24th day of May, 1934. This second defense also avers that Abby Pilkington made application to the Probate Court of Franklin County, Ohio, under the provisions of §10507-19 GC for authority and consent of said Probate Court to the settlement of all claims arising out of said related accident and alleged injuries, for the sum of $495.00 without the appointment of a guardian, and for an order authorizing the payment of said sum to the plaintiff, Abby Pilkington, and the said Ralph Pilkington, and for an order authorizing the said Abby Pilkington to give to defendant a full, final and complete release of any and all claims arising out of said alleged accident and injuries.

It is further averred that upon consideration of said application the Probate Court of Franklin County, Ohio, consented to said settlement and authorized and directed the payment of said sum of $495.00 to Abby Pilkington and the said Ralph Pilkington, without the appointment of a guardian. It was further directed and authorized that the said Abby Pilkington execute and deliver full and complete release to the defendants for any and all claims arising out of said alleged injuries and said alleged accident. That following the order of the court, Abby Pilkington, did, on the 24th day of May, 1934, execute and deliver to defendant a full and complete release and discharge of and from any and all actions, causes of action, claims and demands arising out of said alleged accident and said alleged injuries.

Defendant's third defense contains the further averment that on this same 24th day of May, 1934, Abby Pilkington, the only next of kin of Ralph Pilkington, for and in consideration of the payment to her of the additional sum of $255.00, released and discharged the defendants and others of and from any and all actions, causes of action, claims and demands which she ever had, then had or might in the future have against the defendant and others for and by reason of said alleged accident on April 7, 1934.

The second and third defenses are separate and distinct, so that if either stated a good defense in law, the judgment of the trial court must be sustained. The question arising under the second defense may be epitomized as follows:

Is a release executed by an injured person during his lifetime discharging the wrongdoer from all claims for damages on account of injuries received a bar to an

action brought by the personal representative of the injured person under the wrongful death statute?

Action for wrongful death is a creature of the statute and was unknown to the common law. The legislative enactment is found in §10509-166 GC. The pertinent portion of this section reads as follows:

"Sec 10509-166 GC. When the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corporation which, or the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances which make it in law murder in the first or second degree, or manslaughter."

The above section superseded §10770 GC, and the earlier section was §6134, Revised Statutes. As applicable to the instant case there has been no substantive change from the earliest enactment. This section has been frequently considered by Ohio courts under varying situations. Some of the cases are identical in their facts, while others, if applicable at all, would only be so through analogy.

The first case in point of time to which our attention has been called is that of the Solon Refining Company v Elliott, Administratrix, 15 C.C. 581. The third syllabus reads as follows:

"3. A contract of settlement, unimpeached for cause, made by the deceased in his lifetime with the person whose unlawful act is the cause of death, for the injury which resulted in the death, the terms of which contract were complied with, in the lifetime of the deceased, by the party whose unlawful act caused the death; when so pleaded, and established, is a bar to an action by his administrator under §6134 Revised Statutes."

Sec 6134, Revised Statutes, was the original enactment creating liability for wrongful death. However, the earlier number under Swan and Critchfield was §1139.

The next case in point of time, where the state of facts is identical with the instant case, is that of Maguire v Traction Company, 33 C.C. 24. The syllabus in this case, which conforms to the opinion, reads as follows:

"A release in full for all claims for damages growing out of an injury received by an employee bars his estate under §11397 GC, from further recovery in the event of his subsequent death in consequence of said injuries but leaves intact any claim for loss sustained by the widow or next of kin under §10770 GC."

The two sections above referred to are to be distinguished in that §11397 GC and cogent sections remove the infirmity of abatement and provide for revivor. Other sections also provide the right of survivor of action, but all for the benefit of the estate of the deceased person.

Sec 10770 GC (now 10509-166 GC) creates an entirely new cause of action for the benefit of the next of kin. Old §10772 GC (now §10509-167 GC) more specifically prescribes the name in which the action must be brought and for the exclusive benefit of the surviving spouse, the children or other next of kin of the decedent.

In the Maguire case, supra, Judge Jones, delivering the opinion for the court, bases his conclusion on the case of Mahoning Valley Railroad v Alstine, 77 Oh St 395. We quote the paragraph in full:

"The case of Mahoning Valley Railroad v VanAlstine, 77 Oh St 395, is decisive of the case and clearly establishes the right to maintain an independent action for the beneficiaries named in the suit."

From the statement of the case, it appears that the defendant, as in the instant case, interposed the defense of settlement with the injured person before his death. To this defense a demurrer was filed, which was overruled, and the plaintiff not desiring to plead further, the petition was dismissed and judgment given in favor of the defendant. This was the final order from which error was prosecuted.

In the Circuit Court the decision was overruled.

Thus far we are confronted with two directly opposite opinions of the different Ohio Circuit Courts, the Elliott case, supra, being a decision of the Circuit Court of the Third Circuit, and the Maguire case, supra, an opinion of the Circuit Court of the First Circuit.

The Maguire case, supra, was carried to

the Supreme Court and there, in a memorandum opinion, the judgment of the Circuit Court was affirmed on the authority of the case of **Mahoning Valley Railroad v Van Alstine, 77 Oh St 395.** Justices Johnson, Wanamaker, Newman and Wilkins concurred in the opinion. See **87 Oh St 512.**

This affirmance by the Supreme Court seems to be determinative of the instant case and probably would not be further questioned but for the fact that counsel for the defendant strongly urge that the case of **Railway Company v VanAlstine**, supra is not analogous in its facts. The VanAlstine case was decided by the Supreme Court in 1908. The action was one for death claim in the interest of the next of kin of said deceased who was claimed to have been injured on April 11, 1901 through the negligence of the Railway Company, and died October 3, thereafter. The defendant Railway Company, as one of i's defenses, stated that the injured person prior to his death had commenced an action against the company to recover for the injuries received and all damages on account of the negligent acts of the company; that while said action was pending the injured person deceased and thereafter on December 17, 1901, her action by motion of the administrator, Thomas B. VanAlstine, was revived and thereafter prosecuted to final judgment against the railway company, which judgment and all costs of the action had been fully paid and satisfied by the company. The plaintiff filed a reply to the defendant's answer and issue joined thereby was in substance whether or not the revivor of the action in the name of the administrator and judgment thereon which was paid, would bar further action by the administrator on behalf of the next of kin. The trial court sustained a demurrer to plaintiff's reply and the latter, not desiring to plead further, a judgment was rendered against the plaintiff. This judgment was reversed on error proceedings to the Circuit Court and the Supreme Court sustained the judgment of the Circuit Court.

In the instant case counsel for the defendant-appellee, with ingenious and persuasive argument, urge that in the VanAlstine case the injured person was entitled to maintain an action at the time of her decease and therefore the administrator brought himself within the express provisions of the section. This is illustrated through the fact that the decedent prior to the time of her death had an action pending. Thereby Alice M. Baird, the party injured, was maintaining an action and seeking to recover damages at the time of her death. It is further urged that the fact that VanAlstine was subsequently appointed administrator and thereafter revived the action and proceeded to judgment for the benefit of the estate would not under the express language of the section, prevent him from prosecuting another action for the benefit of the next of kin. It is pointed out that in the instant case the claim of the injured boy had been settled before his decease, and thereafter he could not have maintained an action to recover damages after such settlement had been made and the damages paid.

In other words, the contention is made that the word "maintain" used in the statute brings to the defendant all defenses, including that of settlement. If the claim has been settled, then the injured person could not maintain an action to recover.

We are also referred to the case of **Coal Company v Robinette, Administrator, 120 Oh St 110,** decided in 1929. We call attention to the following pertinent facts as disclosed from the statement of the case:

Lorena Estella Robinette, on July 13, 1927, was injured in an automobile accident, claimed to have been occasioned through the negligence of the May Coal Company. The injured person died in less than a month thereafter, without having commenced action against the Coal Company. Thereafter Paul Robinette, as administrator of Lorena Estella Robinette, filed two actions, both being filed at the same time: One action sought damages against the Coal Company for the benefit of the decedent's estate, for personal injury and property damage. This was the first action to come to trial. The jury returned a verdict in favor of the Coal Company. Final judgment was entered upon the verdict, and no proceedings were perfected to reverse the judgment. The second action (referring to time of trial) was under the wrongful death statute and sought recovery for the benefit of the next of kin. The defendant, by leave of court, filed an amended answer in which it set up as an additional defense the verdict, final judgment of the survivor action and pleaded that this verdict and judgment constituted res adjudicata and a bar to pending action. The third defense of the amended answer was attacked by motion and demurrer. The defendant Coal Company at the same time filed a motion for judgment on the pleadings. The motion and demurrer of the plaintiff was overruled,

and defendant's motion for judgment on the pleadings was granted and judgment rendered for the defendant. Error was prosecuted by the administrator to the Court of Appeals of Lucas County, where the judgment was reversed and the cause remanded, with instructions to the trial court to sustain the demurrer of plaintiff-administrator to the third defense and to grant the motion of the plaintiff-administrator to strike the defense from the pleading. In the Supreme Court the judgment of the Court of Appeals was affirmed.

Again counsel for defendant urge that this case is not determinative of the instant case for the reason that the injured person, Lorena Estella Robinette was in position up to the time of her death to maintain her action and hence the administrator for that reason had a right of action for the benefit of the next of kin.

The second syllabus in the cited case of Coal Company v Robinette, supra, reads as follows:

"2. The two actions, the survivor action and the death action, although prosecuted by the same personal representative, are not in the same right, and hence a judgment for the defendant in one case is not a bar to recover in the other."

It is unquestionably true that neither the VanAlstine case nor the Robinette case directly pass on the question now under consideration.

The case of **Phillips v Traction Company, 46 Oh Ap 483 (16 Abs 159)**, decided in 1933, was also called to our attention. This case is directly in point with the instant case. The syllabus, which is supported by the opinion, reads as follows:

"Separate releases of husband and wife of cause of action for personal injuries sustained by wife, executed before wife's death from injuries, held not bar to action for wrongful death brought by administratrix for benefit of children."

In the Phillips case, supra, a motion to certify to the Supreme Court was overruled December 13, 1933.

In American Law Reports, annotated, Volume 39, page 579, the author presents the following text:

"By the great weight of authority, however, where the statute in effect gives a remedy to recover damages where the death of a person is caused by the negligent or wrongful act of another, such remedy depends upon the existence in the decedent, at the time of death, of a right of action to recover damages for such injury; hence, if by a recovery of a judgment for damages due to the injury, or by a settlement with the wrongdoer, the injured person releases his cause of action, such release, in the absence of fraud or mistake, will preclude a recovery by his personal representative of damages based upon the same negligent or wrongful act."

Following the above text and as authority therefore, are excerpts from the decisions of courts of last resort from several states as well as several decisions from U. S. Federal Courts and one from the United States Supreme Court. Included in this list is the case of **Solor Refining Company v Elliott, 15 O.C.C. 581**, which case we have heretofore referred to in the earlier pages of this opinion. The editor also refers, at page 590, to the contra in Ohio as announced in the case of **Maguire v Traction Company, 33 C.C. 24**. This latter case is also referred to in the earlier pages of our opinion.

The author, in referring to the Maguire case, notes the fact that it purports to be based on the decision of the Ohio Supreme Court in **Mahoning Valley Railroad Company v VanAlstine, 77 Oh St 395**, and further calls attention to the fact that the VanAlstine case really did not cover questions involved in the Maguire case. Counsel for defendant also cite excerpts from many cases in other jurisdictions supporting the text in Volume 39 of American Law Reports, supra.

Under the rule of stare decisis, our court is bound to accept and follow the decisions of our Ohio Supreme Court. Decisions of Courts of Appeal of other districts are not binding upon us, but in the interest of stability of law are to be followed, unless in our judgment the principles announced are inherently wrong.

We feel bound to accept the decision of our Supreme Court in the case of **Maguire v Traction Company, 87 Oh St 512**. This case is none the less an authority from the Supreme Court, notwithstanding the fact that it was merely an affirmance unaccompanied by syllabus and nothing more than a memorandum opinion. From the statement of the same case in **33 C.C. 24**, it is apparent that the question was directly raised on the pleading and judgment predicated on the defense in the answer that

the injured person had settled his claim prior to his death. This was the sole and only question before the Supreme Court. We also think that "there is some significance to be given to the fact that the Supreme Court in the case of **Phillips v Traction Company, 46 Oh Ap 483, (16 Abs 159)**, refused to certify the case. We are not unmindful of the fact that the Supreme Court has repeatedly held that their action in refusing to certify a case is not to be in any sense considered an affirmance of the decision of the Court of Appeals. Of course, the application to certify was necessarily upon the claim that the case was one of great and general interest. It is a matter of common knowledge that this character of case has arisen in the past and will frequently arise in the future. If the law is established, as we construe it to be, through the decisions of the Supreme Court, then there can be no general concern in a reannouncement of the principle. However, if the Supreme Court as constituted at the time of the application to certify in the Phillips case were of the opinion that the courts of the state were erroneously following the memorandum opinion in **87 Oh St 512**, then we think there was involved a question of great and general interest.

As heretofore indicated, we are constrained to the view that the trial court was in error in overruling the demurrer to the second defense.

The legal question arising under the demurrer to the third defense may be correctly stated as follows:

Is a settlement made by the wrongdoer with the next of kin and a release executed and delivered by the next of kin to the wrongdoer during the lifetime of the decedent a bar to an action for wrongful death?

The pertinent portion of the third defense reads as follows:

"That on the 24th day of May, 1934, plaintiff, Abby Pilkington, the next of kin of Ralph Pilkington, for and in consideration of the payment to her of the additional sum of $255.00 released and discharged defendant and others of and from any and all actions, causes of action, claims and demands whatsoever, whether known or unknown, which she ever had, then had, or might in the future have against the defendant and others for or by reason of said alleged accident of April 7, 1934."

The above averments of the third defense of the answer are very broad and compre-

hensive and under its terms would include a full and complete settlement of the claim plaintiff is now prosecuting unless in derogation of law. The power to contract and settle controversies is very broad. We know of no rule of public policy that intervenes under the situation in the instant case. Neither has there been called to our attention any positive mandate of the law which would nullify or modify the contract of settlement.

Counsel for plaintiff has called our attention to the case of **Needles v Needles, 7 Oh St 422**, and also **Ferenbaugh v Ferenbaugh, 104 Oh St 556**. Both of these cases refer to transactions relative to expectant interests in real estate, and for that reason we do not think applicable. The manner and method of transferring interest in real estate is controlled by law. There is no inherent right to own, inherit, devise or convey real estate. These rights and the method of passing title are all controlled by statute. The power of conveyance is limited to estates and interests in the real estate sought to be conveyed. The child may not release or convey his expectancy of inheritance for the very apparent reason that he has no interest or title. Any attempt so to do is in derogation of the statute controlling conveyances. This was the situation in both of the cases above cited.

Our attention is called to **Volume 35, Ohio Jurisprudence, page 252. §6** on the above page refers to "Release to ancestor by heir expectant." §5 on the same page is more general. We quote from this section:

"In order to constitute a valid release of future interests and contingencies there must be, on the face of the instrument expressly, or collected from its provisions by necessary implication, language of present transfer, directly applying to the future as well as to existing property, or else language importing a present contract or agreement between the parties to sell or assign the future property."

The author, in support of the above text, cites 23 Ruling Case Law, at page 401. At page 400 of Volume 23 Ruling Case Law we find the following:

"Knowledge of the injuries which may develop in the future from an accident is not necessary to support an intention to release all liability for the result of such accident, prospective as well as present. Hence a release to a railroad company of a

claim for personal injuries, not secured by fraud or undue influence, and based on a consideration, legal and valuable, though small, by which the releasor agrees to discharge said company of and from any and all manner of actions, suits, debts and sums of money, dues, claims and demands whatsoever, in law or equity, which he has ever had or has at the time, for any cause whatever, is sufficient to cover injuries subsequently developing from the accident for which the release is given though they are unknown to the releasor at the time he gives the release. The rule in such cases is that voluntary settlements are so favored that if a doubt or dispute exists between parties with respect to their rights, and all have the same knowledge or means of obtaining knowledge concerning the circumstances involving those rights, and there is no fraud, misrepresentation, concealment, or other misleading incident, a compromise into which they have voluntarily entered must stand and be enforced, although the final issue may be different from that which was anticipated, and although the disposition made by the parties in their agreement may not be that which the court would have decreed had the controversy been brought before it for decision."

We think the principle above announced is applicable in the instant case.

Counsel for the parties, in their respective briefs, state that they are unable to find any reported cases directly in point with the case at bar. Our independent investigation has not brought to light any authorities directly meeting the situation with which we are now confronted.

We are therefore relegated to general principles.

Under the allegations of the petition it appears that the mother of the injured boy made the settlement, received payment and signed, executed and delivered a receipt releasing the defendant from all claims, past and future, as sole and only next of kin. It is our conclusion that the trial court was correct in overruling plaintiff's demurrer to the third defense of defendant's answer. This third defense, being a full and complete defense and a bar to plaintiff's action, requires us to affirm the judgment of the trial court. Costs in this court will follow the judgment. The case will be remanded to the trial court for enforcement of defendant's judgment for costs as provided by law.

Exceptions will be allowed to plaintiff. HORNBECK and GEIGER, JJ, concur.