Norris, J.
The defendant in error, who was the plaintiff below,, brought her action against the Solor Refining Company for negligently causing the death of John W. Elliott. In her petition she avers her appointment as the administratrix of his estate, names his next of kin who survived him, and says that John W. Elliott died on the 2nd of February, 1894, and that his death was wrongfully caused by the defendant, in this way. On the 28th of March 1891, Elliott was an employe of the Solor Refining Company, as a laborer. His duty was, to help in the repair of shells; into-which vapor passed through a compound kept in motion by brushes. The shell head was a heavy piece of metal,
Elliott was there by order of his foreman assisting in-placing the shell head in position. A rope attached to the-machine by which the head was being raised into position was-not securely attached, and was suffered to so remain through the negligence of the foreman, under whose orders Elliott was acting; by reason of this the rope gave way and caused the shell head to fall upon Elliott, inflicting upon him in *583 juries from which, on the 2nd of February, 1894 he died. Elliott had no means of knowing, and did not know of the •condition of this rope; but the foreman had the means of knowing, and did know of its' condition. Plaintiff avers ■•that Elliott was in the place assigned to him by the fore_man, and was without any fault upon his part which contributed to his injury; and that Elliott thus came to his ■ death through the sole cause of defendant’s negligence.
• The defendant in its answer admits that Elliot was employed; that he was injured, and that he died; and denies .all else in the petition.
It pleads as a further defense that on August 28th, 1891, it made full settlement with Elliott, for all loss and damage by him sustained by reason of said injury; that it paid him the sum of money stipulated by the contract, and tthat Elliott received this sum in full settlement for all •claims against defendant by reason of said injury. As a third defense the defendant pleads the statute of limitations.
The plaintiff for reply denies the second -and third deifenses in the answer.
The issues thus made up were submitted to a jury, which returned a verdict for the plaintiff. Defendant filed its motion for a new trial, which was overruled, and these proceedings in error are instituted for reversal.
The errors assigned in the motion for a new trial and in ithe petition in error, are:
Because the verdict is against the weight of the evidence, ;and is contrary to the law of the case.
Error in overruling the motion for a new trial.
Error in the charge as given, and in refusing to charge -as requested by plaintiff in error.
Error in the admission of evidence over the objection of -plaintiff in error, and in rejecting evidence offered by the plaintiff in error to maintain the issues on its part.
*584 It is-claimed that the admission of the letters of administration was error, That.the letters, upon their face, show that there was no property upon which to administer; that the purpose of administration is to settle the estate of the-deceased person, and that in this instance there is no estate;, and that, when an administrator is appointed for the sole purpose of bringing an action, that purpose must appear in the record of the proceeding resulting in the appointment. The record of the Probate court in the matter of this appointment is not before us; so that we are unable to say whether or not it was affirmatively found, and of record, that the purpose of this appointment was to maintain this action. But be that as it may; the action---as the one at bar — is to be brought and maintained by the personal representative of the deceased person. The probate court has jurisdiction to appoint, and having appointed, and being a court of competent jurisdiction so to do, it is conclusive, in the face of nothing to the contrary, that all the jurisdictional facts were made apparent to the court before it took action in the premises. And the fact, that the-purpose for which the appointment is made is not recited in the letters, is not material. The appointment was mader the court had jurisdiction to appoint an administrator, and the judgment of the court in that proceeding is in full, force. We think, therefore, that the letters of administration were properly admitted in evidence to prove the-authority of plaintiff to maintain her action.
It is claimed that plaintiff’s action cannot be maintained, because of the expiration of four years since the injury which resulted in Elliott’s death, and before the commencement of this case. The injury occurred' on the 28th of' March, 1891. Elliott died on the 2nd of February, 1894. The petition in this case was filed April 28th, 1895, and on? the same day summons issued.
Elliott’s cause of action was not barred at the date of his- *585 death by the four years’ limitation in which his action could have been brought; so, aside from any other intervening cause, on that day, had not death ensued, he could have maintained his action in so far as it was affected by the statute of limitation. The right of action which the plaintiff prosecutes, did not exist in Elliott’s lifetime; it arose immediately upon his death; and tfiough the fact as to whether this action ever would arise, so far as the statute óf limitation is concerned, depended upon his right to maintain an action at the time of his death — had death not ensued — -yet the statute which creates the action and the remedy---a new remedy for the same wrong, not a survival of his cause of action, but a new action which succeeded his cause of action, and which was created by reason of his cause of action and his death---the statute which created this action limits'its commencement within two years after his death. This limitation does not commence to run in his lifetime; it does not date from the injury, but it commences to run at his death when the action accrued. So that if Elliott, had not death ensued, could at the date of his death have maintained his action, this action having been commenced within two years next after his death, is not barred by the statute of limitations. We therefore are of the opinion that the third defense in the answer fails.
The second defense in defendant’s answer pleads full and complete settlement made with John W. Elliott, for all loss, expense and damage by him sustained by reason of the injury of March 28th, 1891, which is alleged to have resulted in his death. And that defendant performed the contract by payment of the sum that Elliott agreed to receive. Defendant sets up in its answer a copy of this contract of settlement, which was in writing and signed by the parties, and pleads it as a complete and full bar to plaintiff’s recovery,
There can be no doubt that the paper writing upon which *586 this defense is based, is in form a contract with all the requisites of a contract.
To this defense is made in the reply, a general denial.
The statute of this state creating actions as the one at bar, in favor of the surviving wife or husband and children, or next of kin, of a person whose death is caused by the negligence of another, and affording a remedy, is a copy of the Lord Campbell act, as applicable to the conditions in this country. And the statutes in the various states, in which the cause of action of the injured party does not survive, to the same effect and of the same import, are in substance, and in some instances exactly, like our own statute.
The courts in construing these statutes hold — and I take the language from the case of Price v. The R. R. Co.,found in the 12 S. E. R.: “That the test of the right of an administrator to maintain an action for a death by wrongful act, is whether deceased could have maintained an action for the injury had he survived. ” This appears to be the test. Those statutes are not construed to be a revivor or survival of the cause of action of the deceased person nor to be a double liability for the same wrong; but rather to succeed the cause of action abated by the death of the injured person, and take its place; not in favor of his estate, but in favor of his next of kin. The wrong not haying been righted in the lifetime of the injured person, the wrong-doer does not escape the penalty of his wrongful act by the death of the person upon whom the wrong is inflicted; but the penalty not having been paid, and the wrong-doer still being liable for the wrong, the statute determines in whose favor the liability shall exist, and points out the remedy by which satisfaction of it may be enforced. And this implies that the liability has not been satisfied and discharged; that the death was caused by the wrongful act of another, and that the act was such as would,if death had not ensued, have entitled the party injured to maintain an action and recover *587 damages in respect thereof. The right of action must exist in favor of the injured person, at the time of his death. If he, in his lifetime, has debarred himself from recovery, by any act which would bind him if alive, he has no cause of action to which the statutory cause could succeed. He has discharged the liability, and created a condition which prevents the action from arising in favor of his next of kin, and which precludes his administratrix from recovering upon a liability which the deceased, in his lifetime, by his own act, discharged.
After a full examination of the authorities, a majority of the court can come to no other conclusion than that this is the' only construction that this statute will bear.
The defendant pleads a settlement which, in the absence fraud and without impeachment for cause,is a full and complete settlement between Elliott and the defendant for the injury which it is alleged caused his death, and released defendant from all liabilities to him, flowing from the injury. If the contract of settlement stands, Elliott, at the date of his death,had no cause of action against the defendant; and that being the case, no cause of action could arise in favor of his next of kin which could be maintained by this plaintiff.
The plaintiff meets this contract of settlement, as pleaded in the answer, by a general denial. Under an issue thus tendered,and the execution of the contract being proved, it was beyond further attack in the action. An instrument of that .character,upon a mere general denial, and without any specific attack beyond a denial of its execution, cannot be impeached, once its execution is disclosed, under pleading presenting no further issue regarding it, So that the evidence offered, which tended to impugn the contract, was not admissible under the pleadings; and we think the court was in error when it was allowed to go to the jury.
And in so far as the charge of the court treats this con *588 tract,after its execution bas been established, as susceptible of further attack under these pleadings, and invites the attention of the jury to it in that regard, we think there is error.
Wheeler & Brice, for Plaintiff in Error.
W. B. Ritchie,and Moiter & McKenzie, for Defendants in Error.
And in view of the contract and its effect as we consider it, the propositions of law bearing upon it, requested by defendant below to be given to the jury as a part of the charge, should have been given, and there refusal was error.
With this view of the contract of settlement,and its effect, a majority of this court conclude that the verdict is not sustained by the weight of the evidence. These errors appearing upon the face of the record, to the prejudice of the plaintiff in error, the judgment is set aside, and a new trial is granted at the costs of defendant in error. Execution is awarded, and the case is remanded to the common pleas for execution and new trial.
Day, J., dissents as to the contract of settlement barring recovery!