DeHart, Admx., Appellee, *v.* The Ohio Fuel Gas Co., Appellant.

(No. 552—Decided May 17, 1948.)

*Messrs. Young & Young,* for appellee.
*Messrs. Eagleson & Laylin, Mr. Henry P. Huston* and *Mr. G. Ray Craig,* for appellant.

Carpenter, J. In this action for the wrongful death of plaintiff's decedent, Edwin C. DeHart, a judgment for $12,000 against the defendant, The Ohio Fuel Gas Company, was the occasion for this appeal on questions of law.

From the facts alleged in the pleadings and those later established in the trial, it appears that in the summer of 1930 DeHart was employed by a contractor who was engaged in paving several streets in the village of Crestline, Ohio. In preparation for the paving, a power shovel was used in grading the streets. As the shovel scooped up the earth and swung it over the haul-away trucks, it was DeHart's work to trip the scoop with a rope and dump the contents into the truck.

In the street there were two gas lines of the defendant. One was a pipe, four inches in diameter and called a medium pressure line, carrying natural gas at a pressure of about ten pounds to the square inch. The other line carried a pressure of five ounces per square inch, and from it there were one-inch service lines leading into the residences and business places served by the defendant.

In the course of the grading, these pipes, especially the service lines, were occasionally broken, and the defendant had a force of from 20 to 30 workmen standing by to stop the escaping gas by plugging the breaks and to repair the pipes. At noon these laborers were accustomed to spend one hour at lunch, some of them nearby, others away from the job. The paving men took but a half hour for their lunch period.

On August 4, while most of the defendant's employees were still at lunch and their foremen were away, the grading work was resumed and the shovel pulled up and broke the ten-pound-pressure pipe. The gas could not be plugged in by the men then at hand, and before it could be shut off a spark from the nearby dirt truck ignited the escaping gas and an explosion occurred in which DeHart and the truck driver, Elmer Hough, were seriously burned. It is alleged that De-

Hart inhaled some of the flames and that he was per-manently injured.

On May 16, 1932, DeHart commenced an action against the defendant in the Court of Common Pleas of Richland county, Ohio, seeking damages for his injuries. He alleged that certain acts of the defendant were negligent and caused his injuries. The judgment in that action was for the defendant, and no appeal was taken from it.

Following this, DeHart developed tuberculosis and died February 12, 1942. His widow was appointed administratrix of his estate, and on April 2, 1942, commenced this action in behalf of herself and three minor children. In her petition she alleged that her decedent's death was caused by the negligent acts of the defendant in connection with the gas explosion and fire. Those negligent acts were described in substantially the same terms as decedent alleged them in his action against the defendant.

A general demurrer to the petition was overruled. This action is assigned as one of the errors. As the legal principles involved in this question are so closely related to those in a later action of the court in striking from the amended answer the third defense, discussion of it will be had in that connection.

By its answer the defendant admitted the fiduciary authority of the plaintiff, her dependence and that of her children, and that there was an explosion and some injury to decedent. It then denied all other allegations of the petition.

As a second defense, it was alleged that the explosion and resulting damage to decedent was "due solely to the careless and negligent conduct and acts of decedent and the operator of the power shovel." On motion of plaintiff this defense was ordered stricken. This was immaterial and was properly eliminated.

*Montanari* v. *Haworth,* 108 Ohio St., 8, 140 N. E., 319; *Taylor* v. *City of Cincinnati,* 143 Ohio St., 426, 55 N. E. (2d), 724, 155 A. L. R., 44; *Leopold* v. *Williams,* 54 Ohio App., 540, 8 N. E. (2d), 476; *Bickley* v. *Sears, Roebuck & Co.,* 62 Ohio App., 180, 23 N. E. (2d), 505; *Hatsio* v. *Red Cab Co.,* 77 Ohio App., 301, 67 N. E. (2d), 553.

As a third defense in the amended answer, the judgment of the Richland county court in DeHart's action for damages was alleged as a plea in bar to the instant action. On motion, such defense was stricken.

A second amended answer was limited to the admission as to the authority of plaintiff and defendant, a general denial and a charge of contributory negligence. On these issues the cause was tried to a jury.

The first assignment of error combines the overruling of the demurrer to the petition and the striking of the plea in bar.

Both such orders challenge attention to the nature of the death action and the personal injury action and their relation to each other.

The right of action for wrongful death had its origin in Lord Campbell's Act in 1846. The act has been adopted in various forms in all the states. It was adopted in Ohio in 1851 (49 Ohio Laws, 117) in nearly the same form as the English statute, and is now expressed in Sections 10509-166 and 10509-167, General Code, the material parts of which are as follows:

Section 10509-166. ''When the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the corporation which, or the person who would have been liable if death had not ensued, * * * shall be liable to an action for damages, notwithstanding the death of the person injured, * * * .''

Section 10509-167. "An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent.

"The jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought. Except as otherwise provided by law, every such action must be commenced within two years after the death of such deceased person. * * *"

Concerning this type of action, tomes have been written in judicial decisions, by text writers and annotators. In the last class alone we have L. R. A., 1915E, 1100; 39 A. L. R., 579; 72 A. L. R., 1313; 99 A. L. R., 259 and 167 A. L. R., 894. From these we see that there are varying applications made of the statute. This is due in some measure to differences in the language used in the statutes, which give rise to different conclusions. However, in jurisdictions where the statute is like ours, which follows closely the original Lord Campbell's Act, there are two distinct lines followed in the decisions. One of these is to the effect that the death action is but a continuation of the decedent's right of action for conscious pain and suffering and settlement or adjudication (either favorable or unfavorable) of the personal injury action or its bar by lapse of time defeats the death action. The other line is that the death action is an entirely new right of action which does not arise until the death and is for the benefit of decedent's dependents and is not affected by what he may have done, or what may have happened to his right of action.

Lord Campbell's Act was prompted by a humane purpose, to relieve the real victims of the death of the austere rule of the common law that whatever

rights existed against the wrongdoer died with the injured person. This seems to be the spirit adopted by the courts of Ohio and many other states as they have adopted the latter line in the application of the statute. It is indeed a realistic viewpoint of the problem, which the courts of Ohio have followed with increasing clarity as time has developed adjudications of varying fact situations. In *Mahoning Valley Ry. Co. v. Van Alstine, Admr.,* 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893, a recovery by the decedent in her lifetime was pleaded in bar of the death action. That defense was denied and the decisions in Ohio and other jurisdictions to that time, 1908, were considered. That case was followed in *Cincinnati Traction Co. v. Ginnochio, Admr.,* 87 Ohio St., 511, 102 N. E., 1120. In *May Coal Co. v. Robinette, Admr.,* 120 Ohio St., 110, 165 N. E., 576, 64 A. L. R., 441, a judgment of this court in *Robinette, Admr., v. May Coal Co.,* 31 Ohio App., 113, 166 N. E., 818, was affirmed. There a judgment adverse to the administrator in the survivorship action for conscious pain and suffering of decedent was pleaded in bar to the death claim. That plea was rejected. The separate character of the two actions, and the difference in parties were pointed out in *Gorman, Admx., v. Columbus & Southern Ohio Electric Co.,* 144 Ohio St., 593, 60 N. E. (2d), 700, wherein a deposition taken by decedent in his action was held not admissible in the death action.

Again, this court in *Phillips, Admx., v. Community Traction Co.,* 46 Ohio App., 483, 189 N. E., 444, had before it a death claim where the decedent had settled with the defendant for her damages and this did not bar the cause of her children. A motion to certify the record was overruled by the Supreme Court. To the same effect is *Maguire, Admx., v. Cincinnati Traction Co.,* 14 C. C. (N. S.), 431, 23 C. D., 24, the judgment

in which was affirmed without opinion in 87 Ohio St., 512, 102 N. E., 1121. The *Van Alstine case* was cited and followed.

It is contended that this results in a double recovery. This is not true. The injured person could only release his claim, which could only extend to his death, or that which might survive it under Section 11235, General Code. The rights of the next of kin begin where those of the injured person end, and are rights over which he could have no control.

In support of its demurrer to the petition, the defendant urges that the statute of limitations had barred the right of DeHart "to maintain an action and recover damages," two years from his injury, hence, under Section 10509-166, General Code, in 1942 this plaintiff had no right of action. In support of this contention it cites *Solar Refining Co.* v. *Elliott, Admx.,* 15 C. C., 581, 8 C. D., 225, which was decided in 1898, before the *Van Alstine* and later cases.

The Supreme Court does not seem to have spoken on this particular question except indirectly by overruling a motion to require the Court of Appeals of the Third Appellate District to certify its record in the unofficially reported case of *McKee, Admx.,* v. *New Idea, Inc.,* 36 Ohio Law Abs., 563, 44 N. E. (2d), 697. The court correctly pointed out that the comments of the court in the *Solar Refining Co. case* on the subject of limitation of actions was obiter, and it proceeded to follow the decisions cited above. The *Solar Refining Co. case* was decided by the same Circuit Court which decided the *McKee case.*

It is of interest to note that our Wrongful Death Act contains three time limitations. Under Section 10509-166, General Code, in a part not quoted above, if the action is based on a wrongful act in another state, the limitations of that state shall apply; and in

Section 10509-167, General Code, "except as otherwise provided," a two-year limitation is laid down. Then, when these sections were re-enacted in the revision of the Probate Code of 1932, a new section was added (Section 10509-169) in which the same provision is made as in the general section (Section 11233, General Code) for a one-year extension of time in case of reversal or "if the plaintiff fail, otherwise than upon the merits." These carefully drawn limitations are in harmony with the principles so clearly established in the above-cited cases to the effect that the right to bring a wrongful death action is an entirely new right created in the interest of the victim of the wrong that caused the death, and that it has its beginning with the death.

Confronted, as it was, with this array of decisions by the Supreme Court and this court, the trial court had no alternative but to overrule the demurrer to the petition and strike the plea in bar from the amended answer.

One of the specifications of negligence in the petition was "that said defendant gave no warning whatever to this plaintiff's decedent of the presence of said natural gas in said pipes and excavation." By an instruction to be given before argument, the defendant asked the court to withdraw this allegation from the consideration of the jury for the reason that "there was no evidence that such notice was not given." The request was refused and the refusal is assigned as error. The testimony of the witness, Edwards, who was the job foreman of the paving contractor, supports the court's ruling. Speaking of the information given by the defendant's foreman on the job, Edwards testified:

"Q. If you had known there was a four-inch main there, would you have used the shovel over that place where the main was? A. I would not.

"Q. Did this gas company foreman tell you there was such a main as that in there? A. No, I had no idea of it.

"Q. Did he tell you there was such a main there? A. No."

Substantial evidence was received tending to prove that DeHart was ill and disabled from the time of the accident to his death, and that his injuries caused his death. The plaintiff and the attending physician at the death testified to this. In addition to this evidence, plaintiff offered and the court admitted, over defendant's objections, photostatic copies of two records of the Industrial Commission of Ohio. One was of a record made in 1939 in which the commission found DeHart still disabled and it continued compensation. The other was the order allowing a death claim.

The court has concluded that these were irrelevant and incompetent and should not have been received, but, from a survey of the whole record on this subject, that the defendant was not prejudiced by them.

The only other error assigned is that the judgment was against the weight of the evidence, which contention is not sustained. Shortly after this accident, Elmer Hough, the driver of the truck the spark from which ignited the gas, brought and successfully maintained an action against the defendant for his personal injuries. This court affirmed that judgment, expressly finding it was not against the weight of the evidence. From the unreported opinion of Judge Richards, it appears that the evidence as to negligence was substantially the same as in this record.

As we find no error prejudicial to the defendant, the judgment is affirmed.

*Judgment affirmed.*

CONN and FESS, JJ., concur.