BROSSE, ADMX., APPELLANT, *v.*
CUMMING, APPELLEE.

(No. 47877—Decided October 9, 1984.)

*Jack M. Lenavitt* and *Mark L. Schumacher,* for appellant.
*James L. Malone,* for appellee.

ANN McMANAMON, J. The Cuyahoga County Court of Common Pleas entered a summary judgment in favor of appellee, William S. Cumming, M.D., on November 18, 1983, thus disposing of a medical malpractice and wrongful death action brought by Rina A. Brosse, widow of Richard Brosse. Mrs. Brosse, who is the administratrix of her husband's estate, presents a timely appeal raising three assignments of error.[1]

Appellant initially filed her complaint in the court of common pleas on April 27, 1983, alleging that Dr. Cumming was negligent in the treatment and care of skin lesions on Richard Brosse's body, and that Dr. Cumming's actions

---

[1] The assignments of error are:

I

"The trial court erred in granting defendant-appellee's motion for summary judgment on plaintiff-appellant's wrongful death claim for the reason that the decision of the court is contrary to applicable law."

II

"The trial court erred in granting defendant-appellee's motion for summary judgment on plaintiff-appellant's survival claim for the reason that the decision is contratry [*sic*] to applicable law."

III

"The trial court erred in granting defendant-appellee's motion for summary judgment for the reason that a genuine question of fact for the jury exists on the issue of defendant-appellee's negligence."

constituted a departure from acceptable standards of medical practice so as to result in his patient's death on August 21, 1982. On July 6, 1983, Rina Brosse amended her complaint to add a claim for the decedent's personal injury. Appellee entered a general denial and subsequently filed a motion for summary judgment based upon the one-year statute of limitations contained in R.C. 2305.11.[2]

Dr. Cumming argued that, at the latest, the decedent discovered the resulting injury from the alleged malpractice on January 8, 1981 when Brosse was diagnosed at St. Luke's hospital as having malignant melanoma, and, further, that the physician-patient relationship of the parties terminated on February 14, 1981. It was Dr. Cumming's position that both of these events occurred over one year prior to the inception of appellant's suit. He further contended that appellant failed to allege or demonstrate specific acts of negligence on his part. The appellee also averred that he had not deviated from "acceptable recognized standards of the medical community."

In opposition to Dr. Cumming's motion appellant responded that neither of her claims was barred by R.C. 2305.11 because, (1) the date of discovery of the alleged malpractice was June 12, 1982 and (2) her wrongful death claim was a separate action brought pursuant to R.C. 2125.02(D).[3]

In addition to her own affidavit, Rina Brosse submitted that of Mark Fine, M.D., who attested that he had reviewed the medical records of decedent and concluded that Dr. Cumming had in fact "departed from accepted standards of clinical practice in his care and treatment" of decedent. Dr. Fine further cited a causal connection between these departures "and the morbidity and ultimate death of Richard Brosse."

Because the issues raised in this appeal all involve the trial court's application of Civ. R. 56, we will consolidate them for consideration.

Civ. R. 56 governs the procedure upon motion for summary judgment. Subsection (C) of this rule provides in part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Our threshold determination under the rule must be whether the pleadings and the affidavits of the parties and of Dr. Fine demonstrate the existence of a material factual question concerning ap-

---

[2] R.C. 2305.11 provides in part:

"(A) An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician, podiatrist, hospital, or dentist, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued * * *."

[3] R.C. 2125.02(D) provides:

"All actions for wrongful death shall be commenced within two years after a decedent's death."

pellee's alleged negligence in the care rendered to decedent. In the absence of such an issue, any error involving an applicable statute of limitations is immaterial.

At the time this matter was adjudicated by the trial court the only materials before it were the amended complaint, answer, and the motion for, and brief in opposition to summary judgment, both of which include the opposing affidavits of the two physicians and the parties. After reviewing these materials we find the question of negligence to be completely unresolved and the appellant's third assignment of error to be well-taken.

Rina Brosse's amended complaint proposes not only a cause of action for medical malpractice, but also a claim for wrongful death. These actions have been clearly distinguished by the Ohio Supreme Court:

" ' "Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong." ' * * *" *Koler* v. *St. Joseph Hospital* (1982), 69 Ohio St. 2d 477, 479 [23 O.O.3d 413] (quoting from *St. Louis, Iron Mountain & So. Ry. Co.* v. *Craft* [1915], 237 U.S. 648, 658).

The time frame for filing medical malpractice suits is governed by R.C. 2305.11(A) which provides for a one-year limitation judicially construed to run "when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury." *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 117-118.

R.C. 2125.02(D) governs the limitation on actions for wrongful death. It provides that "[a]ll actions * * * shall be commenced within two years after a decedent's death."

Rina Brosse argues in her first assignment of error that summary judgment was improperly granted on her wrongful death claim since her suit was filed within the prescribed two-year period.

It is undisputed that appellant's decedent expired on August 21, 1982 and that appellant filed her complaint on April 27, 1983,[4] approximately eight months after her cause of action accrued under R.C. 2125.02. Nevertheless, appellee contends that summary judgment was proper because at the time appellant filed her complaint her decedent's cause of action was barred by the one-year limitation contained in R.C. 2305.11(A).[5] In support of his position appellee cites the following portion of R.C. 2125.01:

"When the death of a person is caused by wrongful act, neglect, or default *which would have entitled the party injured to maintain an action and recover damages if death had not ensued,* the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages * * *." (Emphasis added.)

Dr. Cumming asks us to construe the above italicized clause as a precondition to the maintenance of a wrongful

---

[4] Appellant's amended complaint which was filed on July 6, 1983 relates back to the date of the original complaint by virtue of Civ. R. 15(C). See *Hageman* v. *Signal L. P. Gas, Inc.* (C.A. 6, 1973), 486 F.2d 479, 483-485.

[5] This issue will be addressed in our disposition of appellant's second assignment of error.

death action which would require the existence of a viable right by the decedent to bring suit upon the date of his death. Although appellee cites case law to support this proposed statutory construction, upon review, we do not find these opinions to be persuasive. We note that one of them, *Solor Refining Co.* v. *Elliott* (1898), 15 Ohio C.C. 581, was expressly disavowed by the same court some forty-four years later in *McKee* v. *New Idea, Inc.* (App. 1942), 36 Ohio Law Abs. 563, in which the court stated:

"As the right of action conferred by §§ 10509-166 [R.C. 2125.01] and 10509-167 [R.C. 2125.02] GC, is distinct and independent from the right of action of the person injured and the administrator of the injured person to recover for his personal loss and suffering, the fact that the right of action of the injured person had been barred by the statute of limitations before he died, would not constitute a bar to the right of action of his administrator, under the provisions of §§10509-166 and 10509-167 GC, the only limitation to this cause of action being the limitation incorporated in § 10509-167 GC, that 'every such action must be commenced within two years after the death of such deceased person.' " *Id.* at 588.

See, also, *DeHart* v. *Ohio Fuel Gas Co.* (1948), 84 Ohio App. 62 [39 O.O. 101] (holding that the statute of limitations that may have barred the right of action of an injured person for damages before his death does not bar the right of the next of kin to maintain an action for wrongful death).

We find no bar to appellant's wrongful death claim. Rina Brosse's first assignment of error is well-taken.

In her second assignment of error appellant challenges a finding that her medical malpractice claim is barred by the one-year limitation imposed by R.C. 2305.11(A) and as construed in *Oliver, supra.*

It is the appellee's contention that this action accrued on January 8, 1981 when the diagnosis of malignant melanoma was allegedly communicated to Richard Brosse, or at the latest, on February 14, 1981 when the physician-patient relationship ended. Dr. Cumming posits that appellant's complaint must fail because it was not filed by February 14, 1982.

Dr. Cumming's affidavit states that a diagnosis that appellant's decedent suffered from a malignant melanoma was rendered by Dr. Wayne Ritchie between January 1 and 8, 1981. Appellee's affidavit fails, however, to aver that this diagnosis was ever communicated to Richard Brosse or to his family.

Rina Brosse's affidavit is silent as to when decedent was informed of the name and terminal nature of his illness, but it does indicate that these particulars were first provided to the Brosse family by Dr. John Murphy on June 12, 1982.

None of the materials provided to the trial court contains any averment or other evidence which could conclusively establish when Richard Brosse discovered or, in the exercise of reasonable care and diligence, could have discovered any improper diagnosis, care and/or treatment of his condition by Dr. Cumming. See *Oliver, supra,* at 117-118.

In the absence of a resolution of these questions it was impossible for the trial court to determine when the medical malpractice claim accrued. Appellant's second assignment of error is well-taken.

We find that summary judgment was improperly granted. The judgment is reversed, and the cause is remanded to the court of common pleas for further proceedings.

*Judgment reversed and*
*cause remanded.*

MARKUS, P.J., and JACKSON, J., concur.