RICHARDS ET AL., APPELLANTS, *v.* ST. THOMAS HOSPITAL ET AL.,
APPELLEES.

[Cite as Richards *v.* St. Thomas Hospital (1986), 24 Ohio St. 3d 27.]

(No. 85-1087—Decided May 21, 1986.)

*Nukes & Perantinides Co., L.P.A., Paul G. Perantinides* and *Linda Tucci Teodosio,* for appellants.

*Roetzell & Andress, K. Richard Aughenbaugh* and *Jeffrey J. Casto,* for appellee St. Thomas Hospital.

*Buckingham, Doolittle & Burroughs Co., L.P.A.,* and *David W. Hilkert,* for appellee Renato Redica, M.D.

*McNeal, Schick, Archibald & Biro Co., L.P.A.,* and *Harley J. McNeal,* for appellee Harvey A. Karam, M.D.

*Roderick, Myers & Linton, Kurt R. Weitendorf* and *Robert F. Orth,* for appellee Howard D. Shapiro, M.D.

*Per Curiam.* The very narrow issue presented by this appeal is whether appellants' claims were timely filed. Because we find that Richards' claim for medical malpractice was barred by R.C. 2305.11(A), we affirm the decision of the court of appeals.

R.C. 2305.11(A) provides in pertinent part that:

"An action for * * * malpractice, including an action for malpractice against a physician, * * * [or] hospital, * * * shall be brought within one year after the cause thereof accrued * * *."

Thus, the determinative question on this appeal is the date Richards' cause for medical malpractice accrued.

In *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, we held in the syllabus that "[u]nder R.C. 2305.11(A), a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence, should have discovered, the resulting injury." In *Oliver,* the plaintiff underwent an operation in which a nodule was excised from her breast. The tissue was submitted to a pathologist for evaluation, and was determined to be nonmalignant. There, the resulting malpractice action was founded upon an allegation that the true nature of the plaintiff's condition was not discovered to have been improperly diagnosed, nor could it have been, until nearly four years later. In *Oliver,* we observed that one purpose of the "discovery rule" was to afford " 'relief in cases where the *injury* is one which requires a long developmental period before becoming dangerous and discoverable.' " (Emphasis added.) *Id.* at 113. Thus, *Oliver* does not rely exclusively on the patient's actual discovery of the malpractice alleged; rather, the cause of action accrues when the physical injury complained of is or should have been discovered by the patient.

In the case at bar, Richards' injury was not one which required " 'a long developmental period before becoming dangerous and discoverable.' " *Id.* Rather, Richards admits that he has been aware of the paralysis which constitutes his injury at least since the day after his surgery. His failure to seek independent medical advice to determine whether his injury could have been avoided or lessened was not the result of any inability to do so on his part. In addition, Richards was, obviously, aware of the one-day period between his hospital admission and surgery. Thus, since he was immediately aware of both the physical injury and the events he now alleges to have caused his injury, Richards has alleged nothing which reasonably suggests that he should not have discovered the

alleged malpractice within the one year prescribed by R.C. 2305.11(A), had he been diligent.[1]

Because Richards' spouse's claim for loss of consortium was also filed more than four years after Richards' cause of action accrued, that claim was also untimely brought pursuant to R.C. 2305.09(D).[2] See *Holzwart* v. *Wehman* (1982), 1 Ohio St. 3d 26.

Similarly, on the facts of this case, Richards' claim that the various defendants "fraudulently concealed" the cause of his injury was untimely. Where, as here, the "fraud" complained of is integral to the malpractice alleged, the concealment of that cause of action does not independently extend the statute of limitations for malpractice.[3]

Accordingly, this court affirms the judgment of the court of appeals, albeit on different grounds.

*Judgment affirmed.*

LOCHER and C. BROWN, JJ., concur.

HOLMES and WRIGHT, JJ., concur in judgment.

CELEBREZZE, C.J., SWEENEY and DOUGLAS, JJ., concur in part and dissent in part.

HOLMES, J., concurring in judgment.  I concur in the result as pronounced by the majority, but feel it necessary to express my reasons for

---

[1] Because we conclude that this cause was barred by R.C. 2305.11(A), we have no need to address the court of appeals' conclusion that R.C. 2305.11(B) is constitutional, and express no opinion as to the merits of the parties' debate, nor the court of appeals' holding, as to that issue.

[2] In so concluding, we have no need to deal with the parties' contentions as to whether Richards' spouse could maintain a cause of action for loss of consortium at all, given the fact that Richards' spouse married him after his physical injury had occurred, and with knowledge of that injury.

[3] In *Howk* v. *Minnick* (1869), 19 Ohio St. 462, this court held at 465-466 that in the absence of statute, "fraudulent concealment" does not provide an independent cause of action. "The statute governing this case provides that an action for taking, detaining, or injuring personal property can only be brought within four years after the cause of action shall have accrued. The statute contains the further provision, that in an action for relief on the ground of fraud, the cause of action shall not be deemed to have accrued until the discovery of the fraud.

"In many of the States the statute contains a provision, that the fraudulent concealment by the defendant to a cause of action, from the knowledge of any person entitled thereto extends the time of bringing the action for the period of limitation after the discovery. [Citations omitted.]

"But the statute of this State contains no such provision. Its operation is made to depend upon the nature of the cause of action * * *." *Id.*

such conclusion. I agree that the facts of the case *sub judice* permit the determination of the matter to be controlled by subsection (A) of R.C. 2305.11. As concluded by the majority, the injury of the plaintiff and the surrounding circumstances of his hospitalization, surgery and incapacities were such that the true nature of his condition should have, with reasonable diligence, been discovered within the one year provided for by R.C. 2305.11(A).

Additionally, as I stated in dissent to *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 118-119, as the facts were shown in that case, subsection (B) of R.C. 2305.11 would also prohibit the filing and recovery even had the cause of action not been discoverable until subsequent to the maximum four-year period. This is the period of repose as expressly provided by the General Assembly after which one may not bring a malpractice action in Ohio.

The only exception, or non-application, of the four-year statute of repose, in my view, is that instance where it is shown by clear and convincing evidence that there has been a fraudulent concealment of the cause of the alleged malpractice. In such instance I would hold that the statute is tolled during any period within which it can be shown that the fraudulent concealment prevented the filing of any such action. *Howk* v. *Minnick* (1869), 19 Ohio St. 462, should, if necessary to accomplish this result, be overruled.

WRIGHT, J., concurs in the foregoing opinion.

CELEBREZZE, C.J., concurring in part and dissenting in part. While I agree with much of the majority's discussion concerning the one-year limitations period prescribed by R.C. 2305.11(A), I dissent from my brothers' conclusion to apply that limitation in this instance.

Ohio has two statutory time constraints concerning the bringing of a medical malpractice action. First, subsection (A) of R.C. 2305.11 provides that such actions "* * * shall be brought within one year after the cause thereof *accrued* * * *." (Emphasis added.) In *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, syllabus, we recognized a "discovery rule" whereby such causes are deemed to accrue "* * * when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury." See, also, *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 90.

The second time limitation is found in the more recently enacted subsection (B) of the same statute which provides, in pertinent part, that "[i]n no event shall any medical claim * * * be brought more than four years after the * * * alleged malpractice occurred."

Although the "discovery rule" is still applicable to subsection (A), subsection (B) constitutes a four-year statute of repose which, if sustainable, provides an additional absolute time limit keyed not to the accrual of the cause but rather to the date when the act of malpractice oc-

curred. As such, the legislature has sought to impose a cap or limit on the one-year discovery rule concerning medical malpractice actions by extinguishing stale causes.

In the case *sub judice*, Thomas Richards severely injured his back at work while lifting drywall on December 11, 1975. The next day he was experiencing numbness and loss of movement in his legs and entered appellee St. Thomas Hospital for treatment. Appellees treated him for the injury the following day and in January 1976 he was discharged from the hospital at which time he was permanently paralyzed from the waist down. Appellants assert that it was first discovered in 1983 that Thomas' paralysis resulted from medical malpractice and not from the original injury as he had been led to believe by appellees.[4] This action sounding in, *inter alia*, medical malpractice was then commenced.

Appellees' motions for summary judgment, premised on the ground that the action had not been brought within the applicable statute of limitations, were granted by the trial court. In granting the motions, the trial court's order states that "[a] malpractice action, pursuant to R.C. § 2305.11, must be filed within four years of the occurrence giving rise to the claim. This action was filed more than four years after the alleged malpractice occurred. Accordingly, Defendants' Motions to Dismiss the malpractice claims are hereby granted." The court's order does not suggest that the trial judge based his decision on the one-year limitations period of R.C. 2305.11(A). Similarly, the court of appeals' decision was also premised on the purported four-year limitation of R.C. 2305.11(B). The appeals court noted, "[t]his court has previously held that the four-year statute of limitations under R.C. 2305.11(*B*) serves as an absolute bar for a medical malpractice claim which arose after the effective date of this statute. [Citations omitted.] * * * Accordingly, this assignment of error is overruled." (Emphasis added.)

Since we were called upon to review the granting of summary judgment based on the four-year bar, I can not agree with the majority's conclusion that Richards' malpractice claim is necessarily barred by the one-year statute of limitations. Today's majority essentially places the burden on the patient to both reject the treating physician's diagnosis of causation and then to launch an investigation by way of seeking independent medical opinion on what caused the injury. This is not reasonable. Although Richards knew he was paralyzed, in my opinion the *cause* would not accrue, if it could accrue, until he discovered or should have discovered *both* the injury and appellees' responsibility for the harm.[5]

---

[4] For example, Richards' affidavit, which states in part: "That I did not discover, nor could I have discovered, that I had been malpracticed until October 5, 1983," is supported by some record evidence.

[5] I also do not agree with the premise underlying the following statement of today's majority: "Thus, since he was immediately aware of both the physical injury and the events he now alleges to have caused his injury, Richards has alleged nothing which reasonably sug-

This two-prong discovery rule was adopted by us in *O'Stricker, supra,* and explained by Justice Clifford F. Brown, writing for the majority at 90 as follows: "In *Melnyk, supra,* this court adopted a 'discovery rule' tolling the statute of limitations in medical malpractice cases where a patient discovers a surgeon has negligently left foreign bodies inside his body during surgery. Again, *this is a two-part rule, requiring both discovery of the foreign body and the cause thereof."* (Emphasis added.) It should also be noted that in the instant case, Richards claims that appellees fraudulently concealed the cause of the injury in a deliberate effort to mislead him. As Justice Holmes observes in the final paragraph of his concurring opinion, patients must be afforded the opportunity to show that there has been a fraudulent concealment of the cause of the alleged malpractice.

It is self-evident that under Civ. R. 56(C), summary judgment is not appropriate where the facts, which must be viewed in a light most favorable to the party opposing the motion, are subject to reasonable dispute. *Mers* v. *Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, 105-106. Even if the time limit of R.C. 2305.11(A) *could* be applicable in this instance, the disputed issues of whether appellant *should have discovered* the cause and those responsible for his paralysis involve questions of fact to be determined by a trier of fact. Hence, absent lower court resolution, uncontroverted facts, or stipulations between these parties concerning the contentions, summary judgment would not have been appropriate under an R.C. 2305.11(A) time-bar theory which, in any event, was not addressed below.

Accordingly, I would have resolved the issues presented concerning the four-year medical malpractice statute of repose, R.C. 2305.11(*B*). In the event the judgments below were reversed following the court's con-

---

gests that he should not have discovered the alleged malpractice within the one year prescribed by R.C. 2305.11(A), had he been diligent."

The discovery rule is *not* that a patient must discover malpractice within one year of the manifestation of the injury. Rather, the discovery rule provides that the patient must commence the action "within one year after the cause thereof accrued," R.C. 2305.11(A). The cause does not accrue until the patient discovers "* * * or, in the exercise of reasonable care and diligence, could have discovered any improper diagnosis, care and/or treatment of his condition * * *." *Brosse* v. *Cumming* (1984), 20 Ohio App. 3d 260, 263. Contrary to the spirit of our decision in *Oliver, supra,* today's decision requires the patient to ascertain at the time he experiences the injury "* * * that malpractice has taken place, when in fact he may have relied upon the very advice which constitutes malpractice." *Id.* at 113. See, also, *id.* at 117-118.

In the case of *Adams* v. *Sherk* (1983), 4 Ohio St. 3d 37 (a foreign objects case), we held that the cause accrued once the patient discovered or should have discovered the alleged act or omission constituting malpractice even though that patient, like Richards, experienced the pain caused by malpractice for a number of years prior to the discovery of the negligent act. In *Sherk, supra,* at 40 we correctly observed "* * * appellant must be afforded a reasonable time in which to bring her claim, *i.e., one year after the discovery of the malpractice."* (Emphasis added.) The key in such cases concerns discovery of "the negligent act" itself. *Melnyk* v. *Cleveland Clinic* (1972), 32 Ohio St. 2d 198 [61 O.O.2d 430], paragraph one of the syllabus.

sideration of that statute, the applicability of R.C. 2305.11(A) could have been ascertained by the trial court on remand. Cf. *Oliver, supra,* fn. 11, at 118.

SWEENEY and DOUGLAS, JJ., concur in the foregoing opinion.