BOWLING ET AL., APPELLANTS, *v.*
BRENDAMOUR'S, INC., A.K.A.
BRENDAMOUR'S SPORTING GOODS,
ET AL., APPELLEES.

(No. C-870167 — Decided
January 6, 1988.)

*Holbrock & Jonson, John T. Willard* and *Hugh D. Holbrock,* for appellants.

*Gustin & Lawrence Co., L.P.A.,* and *James W. Gustin,* for appellees Brendamour's, Inc., Debbie Muchmore and Maria Arnold.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

On February 13, 1986, plaintiffs Hugh and Eula Bowling brought an action against the defendant Brendamour's, Inc. and two of its employees. Plaintiffs, in their complaint, sought recovery for physical and emotional harm allegedly suffered when their departure from defendant Brendamour's store on February 18, 1984, with purchased merchandise from which Brendamour's employees had failed to remove a sensormatic tag, activating the store's theft alarm. Defendants responded to the complaint with an answer in which they set up the affirmative defense of the statute of limitations and a motion for summary judgment in which they asserted that plaintiffs' action was barred by R.C. 2305.11(A), the one-year statute of limitations applicable to a claim of false imprisonment. The trial court granted defendants' motion for summary judgment, and from that judgment, plaintiffs have taken the instant appeal.

Plaintiffs on appeal concede that the one-year statute of limitations set forth under R.C. 2305.11(A) operates to bar the claim of false imprisonment advanced in their first claim for relief. They assert, however, in their sole assignment of error that the trial court

erred in granting summary judgment on their remaining claims. We agree.

Plaintiffs alleged in their complaint that they purchased merchandise from defendant Brendamour's Sporting Goods store, and that, as they were leaving the store, a sensormatic device left on one of the items of purchased merchandise caused an alarm to sound. They asserted that they were brought back into the store, treated rudely, embarrassed and unreasonably detained by the store's employees until the sensormatic device was located. Plaintiffs alleged in their second claim for relief "that the actions of the Defendants herein constitute a willful, wanton and intentional act upon the Plaintiffs herein and as a result thereof [the Plaintiffs] were physically and emotionally damaged." In their third claim for relief, plaintiffs asserted that, as a result of defendants' conduct, they "have been deprived of the other's services, consortium and society."

The Supreme Court of Ohio in *Yeager* v. *Local Union 20* (1983), 6 Ohio St. 3d 369, 6 OBR 421, 453 N.E. 2d 666, recognized a cause of action for the intentional infliction of emotional distress and held that the claim was subject to the four-year statute of limitations set forth under R.C. 2305.09(D). We find that the allegations of plaintiffs' second claim for relief fairly state a claim for intentional infliction of emotional distress[1] and, resultantly, hold that the claim, having been filed within two years of the date on which the cause of action accrued, was timely filed.

Plaintiffs, in their third claim for relief, clearly state a claim for loss of consortium. The Supreme Court of Ohio has held that a claim for loss of consortium is subject to the four-year limitations period set forth under R.C. 2305.09(D). *Richards* v. *St. Thomas Hospital* (1986), 24 Ohio St. 3d 27, 24 OBR 71, 492 N.E. 2d 821. We, therefore, find that plaintiffs' third and final claim for relief was timely filed.

Upon plaintiffs' concession that their claim for false imprisonment was barred by the one-year statute of limitations set forth under R.C. 2305.11(A), we affirm the entry of summary judgment in favor of defendants on plaintiffs' first claim for relief. However, we find that plaintiffs' claims for intentional infliction of emotional distress and for loss of consortium were filed well within the four-year limitations period set forth under R.C. 2305.09(D). Accordingly, we sustain plaintiffs' sole assignment of error, reverse the entry of summary judgment for defendants on plaintiffs' second and third claims for relief, and remand the matter to the court below for further proceedings in accordance with law.

*Judgment accordingly.*

KLUSMEIER, P.J., SHANNON and UTZ, JJ., concur.

---

[1] The standard adopted by the Supreme Court of Ohio in *Yeager,* in recognizing the tort of intentional infliction of emotional distress, is that set forth in 1 Restatement of the Law 2d, Torts (1965) 71, Section 46(1), which provides that:

"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."