**ANDERSON, Admr., Appellant,**

**v.**

**BRUSH–WELLMAN, INC., Appellee.**

[Cite as *Anderson v. Brush–Wellman, Inc.* (1991), 77 Ohio App.3d 657.]

Court of Appeals of Ohio,
Ottawa County.

No. 90–OT–046.

Decided Oct. 11, 1991.

Robert W. Bryce, for appellant.

*John M. Newman, Jr., Jeffery D. Ubersax* and *Douglas O. Meyer,* for appellee.

_____

SHERCK, Judge.

This appeal originates from the entry of a summary judgment by the Ottawa County Court of Common Pleas on an employer intentional tort and wrongful death claim filed by appellant Patricia Anderson, individually, and as executrix of the estate of Gary A. Anderson. The trial court granted appellee's motion for a summary judgment because appellant's claims were time-barred by the statutes of limitations. We affirm in part and reverse in part.

The facts pertinent to this appeal are undisputed. Decedent, Gary Anderson, was informed in 1975 that he had contracted berylliosis and over time his condition would worsen. Anderson had been employed by appellee, Brush–Wellman, Inc., at its Elmore, Ohio plant some fifteen years earlier for a period of twenty-one months. It was there that he came in contact with beryllium, which allegedly caused his disease. In 1980, Gary Anderson married appellant Patricia Anderson. By 1987, he could no longer work because of the progression of the disease; he died on February 24, 1989.

The history of the proceedings in the trial court indicates that Gary Anderson and Patricia Anderson filed a three-count complaint on October 26, 1988, alleging a common-law employer intentional tort, statutory employer intentional tort under R.C. 4121.80, and a claim for loss of consortium. On March 24, 1989, appellant as executrix of Gary Anderson's estate filed a suggestion of death, which advised the court of Gary Anderson's February 24, 1989 demise. After receiving leave of court, appellant filed an amended complaint on February 23, 1990. The amended complaint substituted Patricia Anderson, in her capacity as executrix for Gary Anderson, as plaintiff, alleged the wrongful death of Gary Anderson, and condensed the allegations contained in the original complaint to two counts.

Appellee responded by filing a motion "for dismissal or summary judgment." Appellee asserted that appellant's amended complaint failed to allege that appellee specifically intended to injure Gary Anderson and therefore failed to state a claim for relief. In addition, appellee moved for summary judgment, averring a bar to the claims by the statutes of limitations.

The trial court granted summary judgment to appellee, holding that appellant's claims were barred by the statutes of limitations. Upon granting appellee's motion for summary judgment, the trial court held as "moot"

appellee's motion to dismiss for failure to state a claim. Appellant, in turn, appealed offering the following assignments of error:

"*FIRST ASSIGNMENT OF ERROR*

"The Trial Court erred by not applying the date of disability as the date of accrual.

"*SECOND ASSIGNMENT OF ERROR*

"The Trial Court erred by holding that Ohio Revised Code § 2305.10 governs this cause of action.

"*THIRD ASSIGNMENT OF ERROR*

"Plaintiff's claim for loss of consortium was incorrectly dismissed by the Trial Court."

The essential issue for this court to decide is whether the trial court properly applied the correct statute of limitations to appellant's claims.

## I

We will first discuss the dismissal of appellant's decedent's claim based on common-law employer intentional tort. R.C. 2305.10 is the applicable statute of limitations that governs common-law employer intentional tort actions.[1] *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 522 N.E.2d 477. R.C. 2305.10 states in pertinent part:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose. * * *"

The statute of limitations begins to run in cases of occupational diseases with delayed manifestation when the employee is aware, or reasonably should be aware, of his injury. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727, at paragraph two of the syllabus. Applying this rule to the facts of the case, the statute of limitations for the common-law employer intentional tort claim would have expired in 1977. This is so because Gary Anderson was first informed of the berylliosis diagnosis in 1975. Therefore, the trial court properly found that the statute of limitations time-barred this claim. Appellant's first assignment of error is not well taken.

---

**1.** Appellant argues that the application of the one-year statute of limitations found in R.C. 4121.80 is in conflict with the "date of disability" for occupational disease found in R.C. 4123.68. According to appellant, the disparate results of these two statutes should be resolved by applying the date of disability rule to appellant's claim.

As noted below, however, the Supreme Court of Ohio has declared all of R.C. 4121.80 unconstitutional, *Brady v. Safety–Kleen, infra,* and held that an employer intentional tort takes a matter outside the workers' compensation statutes. Thus, the statute of limitations to be applied is the same as for any other intentional tort, R.C. 2305.10.

## II

During the pendency of this matter the Supreme Court of Ohio declared R.C. 4121.80, the workplace intentional tort statute, unconstitutional in its entirety. *Brady v. Safety–Kleen* (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, syllabus. This decision eliminated the statutory cause of action, leaving only the common-law action delineated in *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572. As discussed above, the applicable time limitations for this cause is found in R.C. 2305.10 and, at the time this action was commenced, had expired.

## III

We will now discuss appellant's arguments as they relate to the statute of limitations governing the wrongful death claim. Appellant asserts that the wrongful death action was timely filed, well within two years of appellant's decedent's death. Appellant argues that "it is not clear at all from the court's opinion exactly what statute of limitations they [*sic*] did apply to Plaintiff/Appellant's death claim and as such the decision of the Trial Court must be reversed."

R.C. 2125.02(D) states:

"An action for wrongful death shall be commenced within two years after a decedent's death."

Clearly, appellant filed her wrongful death claim within two years. Gary Anderson died on February 24, 1989. The suggestion of death was filed March 24, 1989, and the amended complaint asserting his wrongful death was filed on February 23, 1990.

We are left to determine whether that wrongful death claim is barred due to Gary Anderson's failure to timely file his injury claim that ultimately led to his alleged wrongful death.

" * * * An action by an administrator to recover damages for the wrongful death of the decedent and an action instituted by the decedent in his lifetime to recover damages for his injuries are [ ] maintained under separate and independent rights [ ]. Wrongful death is a new cause of action distinct and apart from the right of action which the injured person may have had. [The statute] creates a right for those who suffer pecuniary loss by virtue of the decedent's wrongful death." (Citations omitted.) *Prem v. Cox* (1982), 2 Ohio St.3d 149, 150, 2 OBR 694, 695–696, 443 N.E.2d 511, 513.

" 'As the right of action conferred by §§ 10509–166 [R.C. 2125.01] and 10509–167 [R.C. 2125.02] GC, is distinct and independent from the right of action of the person injured and the administrator of the injured person to

recover for his personal loss and suffering, *the fact that the right of action of the injured person had been barred by the statute of limitations before he died, would not constitute a bar to the right of action of his administrator, under the provisions of [the wrongful death statutes]*, the only limitation to this cause of action being the limitation incorporated in [R.C. 2125.02(D) ].' " (Emphasis added.) *Brosse v. Cumming* (1984), 20 Ohio App.3d 260, 263, 20 OBR 322, 325, 485 N.E.2d 803, 807, quoting *McKee v. New Idea, Inc.* (App.1942), 36 Ohio Law Abs. 563, 588, 44 N.E.2d 697, 717. See, also, *Dehart v. Ohio Fuel Gas Co.* (1948), 84 Ohio App. 62, 39 O.O. 101, 85 N.E.2d 586, and *Klema v. St. Elizabeth's Hosp.* (1960), 170 Ohio St. 519, 525, 11 O.O.2d 326, 329–330, 166 N.E.2d 765, 770, and at paragraph one of the syllabus.

We elect to follow the dictates of *Brosse*. In so doing, we hold that if a wrongful death claim is filed within the time period required by R.C. 2125.-02(D), then that claim is not barred due to the decedent's failure to timely pursue a related tort action while he was alive. Accordingly, the trial court erred in finding that the statute of limitations had run on appellant's wrongful death claim. Appellant's second assignment of error is well taken.

### IV

Finally, we discuss the statute of limitations as it relates to appellant's claim for loss of consortium.

■ The statute of limitations governing loss of consortium claims is R.C. 2305.09(D), which states:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

" * * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code."

Accordingly, loss of consortium claims are governed by a four-year statute of limitations. *Bowling v. Brendamour's, Inc.* (1988), 40 Ohio App.3d 37, 38, 530 N.E.2d 1338, 1339.

■ However, the right of consortium is a right which grows out of marriage, is incident to marriage and cannot exist without marriage. *Haas v. Lewis* (1982), 8 Ohio App.3d 136, 8 OBR 192, 456 N.E.2d 512, syllabus. Gary Anderson's cause of action accrued when he was diagnosed as having berylliosis; at that time he was not married to appellant. Appellant married Gary Anderson in 1980, which was five years after he was diagnosed as having berylliosis. Thus, her claim for loss of consortium was properly barred as the

statute of limitations would have expired in 1979 if the parties had been married in 1975. However, in this case, appellant never had a valid claim for loss of consortium as the parties were not husband and wife in 1975. Appellant's third assignment of error is not well taken.

Accordingly, we affirm the trial court's finding that appellant's claims, except for the wrongful death action, are time-barred by the statutes of limitations. We reverse the judgment of the Ottawa County Court of Common Pleas as it relates to appellant's wrongful death claim and remand for further proceedings not inconsistent with this opinion. Court costs are to be paid by appellee.

*Judgment affirmed in part*
*and reversed in part.*

ABOOD and MELVIN L. RESNICK, JJ., concur.