KEITH, Appellant,

v.

SPECTRUM SPORTSWEAR, INC. et al., Appellees.

[Cite as *Keith v. Spectrum Sportswear, Inc.* (1997), 120 Ohio App.3d 30.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18030.

Decided June 4, 1997.

*John D. Lambert*, for appellant.

*Kevin R. Sanislo*, for appellees.

QUILLIN, Judge.

Appellant appeals from the judgment of the Summit County Common Pleas Court dismissing her intentional tort action against her employer. We reverse.

Most of the specific facts in this case are not relevant to this appeal. We therefore provide only a brief synopsis of the underlying factual scenario. Appellant, Patricia Keith, was employed as a silk screen printer by Spectrum Sportswear, Inc., one of the appellees in this case. On approximately March 21, 1994, Keith sustained an injury while operating a screen printing machine during the course of her employment. On March 20, 1996, Keith filed a complaint as a result of this incident. She alleged in her complaint that the machine she was operating at the time she was injured was damaged and defective, and that appellees were aware of its condition and deliberately failed to repair it. She also alleged that appellees were aware, to a substantial certainty, that operation of the machine in such a condition could result in injury to the operator.

Appellees moved to dismiss the case for the reason that Keith failed to file her complaint within the one-year statute of limitations provided in R.C. 2305.112. The lower court granted this motion and Keith appeals this decision.

It is the legislative and case history governing intentional torts by employers that is of key importance on this appeal. For this reason, we begin with a review of that history, indicating the relevant legislation and court decisions that provide the basis for our conclusion in this case.

In 1913, Section 35, Article II of the Ohio Constitution became effective, authorizing the state to establish funds to compensate workers and/or the families of workers suffering from work-related illnesses or injuries or suffering work-related deaths. In *Blankenship v. Cincinnati Milacron Chem., Inc.* (1982), 69 Ohio St.2d 608, 613, 23 O.O.3d 504, 507–508, 433 N.E.2d 572, 576, the Ohio Supreme Court determined that this section of the Ohio Constitution did not preclude employees from enforcing their common-law remedies against employers who committed intentional torts against them, as injuries sustained in this manner were considered outside the scope of employment.

R.C. 2305.10 prescribes a two-year limitations period for all legal actions arising from the infliction of bodily injury. Intentional tort suits filed against employers would have fallen under the purview of this statute. See *Hunter v. Shenango Furnace Co.* (1988), 38 Ohio St.3d 235, 238, 527 N.E.2d 871, 873–874. However, in 1986, the legislature enacted the narrower R.C. 4121.80, which removed this subset of cases from the former statute and dealt with them specifically, providing only a one-year statute of limitations. In 1991, the Ohio Supreme Court had occasion to review this latter statute in *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, and determined that the

enactment exceeded and conflicted with the legislature's authority under the Ohio Constitution. The statute was declared unconstitutional in its entirety. Because of its unconstitutionality and in light of *Hunter, supra,* courts thereafter treated R.C. 4121.80 as if it had never existed, and cases filed under it and pending at the time *Brady* was decided were treated under the older, broader R.C. 2305.10 with its two-year time limit. See *Malatesta v. Sharon Twp. Trustees* (1993), 87 Ohio App.3d 719, 721, 622 N.E.2d 1163, 1164–1165; *Anderson v. Brush–Wellman, Inc.* (1991), 77 Ohio App.3d 657, 661, 603 N.E.2d 284, 286–287.

In 1993, the Ohio legislature again enacted statutes specifically dealing with intentional torts committed by employers. R.C. 2745.01 declared that an employer may be held civilly liable for damages caused by such actions. R.C. 2305.112 provided that any action filed under R.C. 2745.01 was subject to a one-year statute of limitations. It was these statutes that were in effect on March 21, 1994, when Keith sustained her workplace injury.

Less than one month after Keith's injury, however, on April 8, 1994, the Ohio Supreme Court declared R.C. 2745.01 unconstitutional. *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 230, 631 N.E.2d 582, 587. Because R.C. 2305.112 derived its existence from that statute, it, too, was essentially rendered ineffectual. See *Malatesta, supra,* 87 Ohio App.3d at 721, 622 N.E.2d at 1164–1165. But this still did not end the matter. On November 1, 1995, in response to *Voinovich,* the Ohio legislature repealed R.C. 2745.01 and 2305.112 and immediately reenacted them that same day. It was these reenacted statutes that were in effect when Keith finally filed her complaint two years after her injury, on March 20, 1996.

In the lower court, the judge agreed that "if R.C. 2305.112 didn't exist, then R.C. 2305.10 would apply." He also agreed that the 1995 reenactments had no retroactive implication. However, he concluded that Keith's case was still subject to the original R.C. 2745.01 and 2301.112 in effect at the time of her injury because, he reasoned, the savings provision of R.C. 1.58 provides that "[t]he reenactment, amendment, or repeal of a statute does not * * * [a]ffect the prior operation of the statute or any prior action taken thereunder." The lower court determined that under this provision, the 1995 repeal and reenactment of R.C. 2745.01 and 2301.112 had no bearing on the law existing at the time of Keith's injury and, thus, the original statutes in effect at that time should apply.

It is our conclusion that the trial judge would have been correct in this determination were it not for the fact that the original versions of the statutes were declared unconstitutional prior to their repeal and reenactment. Once found unconstitutional, a statute can no longer apply to cases pending under it. Appellees argue, and we acknowledge, that Keith did not clearly make this argument at the trial level. However, the savings provision of R.C. 1.58 cannot

and does not purport to save statutes which have been found unconstitutional and we find that it was incorrectly applied in this case.

Applying the above history to the case before us, it is true that at the time Keith was injured, the relevant statutory remedy provided a one-year statute of limitations. However, because this statute was effectively found unconstitutional during the pendency of this case, and considering the precedent set by *Hunter*, *Malatesta*, and *Anderson*, the original R.C. 2745.01 should essentially be treated as though it were never enacted and all cases such as this one, which would have fallen under it but for the *Voinovich* decision, once again must fall subject to the two-year limit set forth in the earlier R.C. 2305.10.

Appellees argue that because Keith filed her complaint alleging a violation of the original R.C. 2745.01, she cannot now escape its statute of limitations by claiming that the statute under which she herself filed has been found unconstitutional. We note, however, that in Keith's complaint her first cause of action alleges a common-law tort; her second alleges the statutory violation. We do not find the validity of the second cause of action to in any way reflect upon or diminish the validity of the first.

The lower court dismissed Keith's claim as barred by the one-year statute of limitations existing at the time her cause of action arose. Because that statute has been effectively rendered unconstitutional by the Ohio Supreme Court, the precedent of *Hunter*, *Malatesta*, and *Anderson* leads us to conclude that Keith's claim should instead be counted among those filed under the broader R.C. 2305.10, which provides the more generous two-year limit. Her complaint was filed within the required two-year mandate and it was error for the lower court to dismiss it as time-barred. Keith's assignment of error is well taken.

*Judgment reversed.*

DICKINSON, P.J., and REECE, J., concur.