■ SHARON K. DU BOIS, Individually and as Executrix of CARLINGTON G. DU BOIS, Deceased, Respondent, v COMMUNITY HOSPITAL OF SCHOHARIE COUNTY, INC., Appellant, et al., Defendant.—Kane, J. Appeal from an order of the Supreme Court (Hughes, J.), entered March 10, 1988 in Schoharie County, which, inter alia, denied a motion by defendant Community Hospital of Schoharie County, Inc., to dismiss plaintiff's individual cause of action for wrongful death.

Plaintiff commenced this action against defendants claiming that decedent died as a result of their negligence. The suit was based on the following events. In September 1980, decedent came into the care of defendant Community Hospital of Schoharie County, Inc. (hereinafter Community Hospital) and defendant Dr. Muhammed Anjum. It is alleged that defendants negligently failed to administer certain tests which resulted in a failure to diagnose and treat a tumor on decedent's left bronchial tube. The tumor was allegedly first detected in December 1980 by physicians at another hospital and it was then determined to be malignant. After undergoing chemotherapy treatments, decedent died in August 1982.

Plaintiff's complaint included causes of action seeking damages for herself for loss of consortium and for wrongful death. Defendants each moved to, *inter alia,* dismiss these claims. The motions were based on the fact that, although plaintiff and decedent were married at the time of his death, they had not been married at the time the alleged negligent acts by defendants had occurred. Supreme Court, with plaintiff's consent, struck the cause of action for loss of consortium. The court, however, upheld the claim for wrongful death. This appeal by Community Hospital ensued.

We affirm. It is true that a claim for loss of consortium is not permitted unless the surviving spouse was married to the injured person at the time of the actionable conduct *(see, Liff v Schildkrout,* 49 NY2d 622, 634; *Briggs v Butterfield Mem. Hosp.,* 104 AD2d 626). However, that is not the case with a wrongful death cause of action. The Court of Appeals specifically dealt with this issue in *Radley v Leray Paper Co.* (214 NY 32) and determined that even though the decedent had received his injuries before the parties' marriage, the surviving spouse was permitted to maintain an action for wrongful death. The widow's rights as a distributee or beneficiary of the decedent are not affected by when the marriage occurred as long as the parties were married at the time of the decedent's death *(see,* EPTL 5-1.2; 37 NY Jur 2d, Death, § 235, at 227). Therefore, Supreme Court properly determined that plaintiff could maintain the claim for wrongful death and that she was entitled to prove whatever pecuniary loss she sustained as a result of decedent's death *(see,* EPTL 5-4.3 [a]).

Order affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.