709 So.2d 603 (1998)
The CITY OF POMPANO BEACH, Appellant,
v.
T.H.E. INSURANCE COMPANY, Appellee.
No. 97-0215.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
Rehearing, Rehearing, Certification of Conflict, and Certification of Question Denied May 27, 1998.
*604 Ronald E. Solomon of Solomon & Morrow, P.A., Fort Lauderdale, for appellant.
Eric G. Belsky of Hinshaw & Culbertson, Fort Lauderdale, for appellee.
Rehearing, Rehearing En Banc, Certification of Conflict, and Certification of Question Denied May 27, 1998.
KLEIN, Judge.
The city contracted with a company called Pyrotechnic to do a Fourth of July fireworks show. The city required Pyrotechnic to provide insurance coverage which would protect the city, and Pyrotechnic's insurer, appellee, gave the city a certificate of insurance including an endorsement entitled "Additional Insured-Fireworks."
There was an accident during the fireworks show, killing one employee of Pyrotechnic and injuring others. The decedent's widow, as personal representative, sued the city as well as other defendants on behalf of herself and her children. The injured employees of Pyrotechnic also sued.
In response to those suits, the appellee insurer filed this declaratory action asserting that the policy did not cover the city because of the following exclusion:
SHOOTERS ENDORSEMENTFIREWORKS
This policy shall NOT provide coverage of any kind (including but not limited to judgments, costs, defense, cost of defense, etc.) arising out of claims made by shooters and their assistants hired to perform fireworks displays or any other person assisting or aiding in the display of fireworks whether or not any of the foregoing are employed by the Named Insured. [emphasis added.]
All of the employees who were killed or injured were shooters. Both the city and the insurer moved for summary judgment, agreeing that there were no issues of fact and that the exclusion was not ambiguous. The insurer persuaded the trial judge that all of the claims were "claims made by shooters" and he granted the insurer's motion. We affirm the summary judgment in respect to the claims filed by the shooters who were injured in the accident. We reverse as to the wrongful death claim, because, we conclude that it did not involve "claims made by shooters."
*605 Surprisingly, the parties have not been able to find any cases determining whether an exclusion worded like this one excludes claims brought by the personal representative in the wrongful death claim. Nor has our independent research revealed any authority either in Florida or in any other jurisdiction. We assume that the lack of case law on this issue is because of the peculiar manner in which this exclusion is worded. Most exclusions are written differently. For example, in other portions of this commercial general liability policy there are exclusions for "bodily injury ... resulting from ..." or for "bodily injury ... caused by....." Another exclusion provides that there is no "coverage of any kind for...."
The insurer cites cases which stand for the proposition that a contract should not be construed to reach an absurd result. See, e.g., James v. Gulf Life Ins. Co., 66 So.2d 62 (Fla.1953). While the insurer may think that this is an absurd result because it may not have contemplated it, we are required, when construing insurance policies, to give words their "ordinary and common usage." Dimmitt Chevrolet, Inc. v. Southeastern Fidelity Ins. Corp., 636 So.2d 700 (Fla.1993). We are also required to interpret this exclusion narrowly in favor of the insured city. Demshar v. AAACon Auto Transport, Inc., 337 So.2d 963 (Fla.1976).
These claims were brought pursuant to the Florida Wrongful Death Act which creates claims for the survivors of persons who die as the result of the negligence of others. §§ 768.16-768.27, Florida Statutes (1995). Even though these claims are derivative in the sense that they are dependent upon a wrong committed upon another person, they are separate and independent from the decedent's cause of action for personal injury, which does not survive. Valiant Ins. Co. v. Webster, 567 So.2d 408, 411 (Fla.1990); Nissan Motor Co., Ltd. v. Phlieger, 508 So.2d 713, 714 (Fla.1987); Rimer v. Safecare Health Corp., 591 So.2d 232, 235 (Fla. 4th DCA 1991). They are brought on behalf of the survivors, not to recover for injuries to the deceased, but to recover for statutorily identified losses the survivors have suffered directly as a result of the death. Martin v. United Sec. Services, Inc., 314 So.2d 765, 769 (Fla.1975). Under this statutory scheme, any claim which could have been made by the shooter in this case was extinguished by his death, and this wrongful death action is a claim made by his survivors.
It would have been a simple matter for the insurer to have excluded claims arising out of injuries to shooters; however, the insurer worded this exclusion to apply to a narrower classification of claims. Giving the exclusion a narrow interpretation, and giving the words their ordinary meaning, we find coverage for claims brought by the personal representative of the estate of the shooter who was killed. They are not "claims made by shooters."
Affirmed in part and reversed in part.
POLEN and GROSS, JJ., concur.