DeVINE, Exr., et al.

v.

**BLANCHARD VALLEY MEDICAL ASSOCIATES, INC. et al.**

Court of Common Pleas of Ohio,
Hancock County.

No. 98–99–PT.

Decided July 1, 1999.

**41**

*Justine F. Madden,* for plaintiffs.

*Nancy D. Moody,* for defendants Blanchard Valley Medical Associates, Inc., and Rick D. Watson, M.D.

*Peter R. Casey III,* for defendant Irineo P. Echavarre, M.D.

*Lawrence S. Huffman,* for defendant Frank R. Cosiano, M.D.

REGINALD J. ROUTSON, Judge.

This matter comes to the court for consideration of a motion for summary judgment filed by defendants Rick D. Watson, M.D., and Blanchard Valley Medical Associates, Inc., on May 4, 1999. All other defendants joined in said motion for summary judgment, incorporating by reference its reasoning and authority.

On June 10, 1999, the plaintiffs filed a brief in opposition thereto. Defendants Rick D. Watson, M.D., and Blanchard Valley Medical Associates, Inc., have also filed a response to the opposition brief.

Upon consideration of the materials supplied by the parties and all other evidence which may be considered pursuant to Civ.R. 56, the court finds as follows.

## OPERATIVE FACTS

On April 16, 1998, plaintiffs Rebecca DeVine and Derek DeVine filed a complaint against Blanchard Valley Medical Associates, Inc., Blanchard Valley Regional Health Center, Inc., Rick D. Watson, M.D., Frank R. Cosiano, M.D., Inc., Frank R. Cosiano, M.D., Irineo P. Echavarre, M.D., Inc., Irineo Echavarre, M.D., and two John Doe defendants.

The complaint alleged that the defendants negligently failed to properly diagnose and treat plaintiff Rebecca DeVine's cancerous lesion, which was diagnosed on April 24, 1997. Due to said negligence, plaintiff Rebecca DeVine sought damages to reimburse her for medical bills, lost wages, and earning capacity. Plaintiff Derek DeVine sought damages for a loss of his wife's services and consortium.

On September 20, 1997, plaintiffs were married and lived together until Rebecca DeVine died on September 29, 1998. On October 2, 1998, a suggestion of death was filed and on February 4, 1999, leave was granted to the remaining plaintiff, Derek DeVine, to amend his complaint to allege an action for wrongful death pursuant to R.C. Chapter 2125. As part of this complaint, the plaintiff now seeks damages pursuant to R.C. Chapter 2125.

Answers were properly filed in response to the amended complaint.

For purposes of this motion, it is not disputed that the decedent was diagnosed with cancer on or about April 24, 1997. Further, it is not disputed that Rebecca and Derek DeVine were married after she was diagnosed with cancer. Moreover, a review of the pleadings establishes that the amended complaint no longer asserts a separate cause of action for loss of consortium but seeks recovery for said loss pursuant to R.C. Chapter 2125.

## STANDARD FOR REVIEW

Civ.R. 56(A) and (B) provide that a party seeking affirmative relief, as well as a defending party, may move for summary judgment. The purpose of summary judgment is to isolate and dispose of factually unsupportive claims or defenses. See *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108. Civ.R. 56(C) sets forth the basic analytical framework for deciding motions for summary judgment. Subsection (C) states in part:

"A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

In addition, subsection (C) also states:

"Summary judgment shall be rendered forthwith, if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

█ Therefore, in order to prevail on a motion for summary judgment, the moving party bears the burden of affirmatively demonstrating that there exists no issue of material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The party seeking summary judgment has a heavy burden of showing the absence of disputed material facts. See *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

The evidence presented by the motion for summary judgment is always construed in favor of the party opposing the motion, who is given the benefit of all favorable inferences that can be drawn from it. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924,

█ Moreover, Civ.R. 56(E) requires that when a party moves for summary judgment negating essential elements for which the nonmovant will carry the burden of proof, the responding party must set forth facts showing that there exists a genuine issue for trial. See *Kelley v. Cairns & Bros., Inc.* (1993), 89 Ohio App.3d 598, 626 N.E.2d 986,

Recently, in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274, the Ohio Supreme Court described the duties of the moving and nonmoving parties as follows:

"We hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis deleted.)

Against this background, summary judgment should be used cautiously so as not to usurp a litigant's right to trial. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

In this regard, the court must be certain that a party seeking summary judgment has affirmatively demonstrated that with respect to every essential issue of the claim or claims presented, reasonable minds could come to no other conclusion than that there is no genuine issue of fact. See *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, ·

## CONCLUSIONS OF LAW.

■ Defendants raise but one issue in their motion for summary judgment. They contend that Derek DeVine cannot prosecute this complaint for wrongful death brought pursuant to R.C. Chapter 2125 because at the time Rebecca DeVine was diagnosed with cancer he was not married to her. Defendants cite no specific Ohio cases on all fours of this position but, by analogy, cite cases involving claims for loss of consortium that have been dismissed under similar circumstances. For example, in *Haas v. Lewis* (1982), 8 Ohio App.3d 136, 8 OBR 192, 456 N.E.2d 512, the court found that the right of consortium is conferred only upon marital partners, not partners to extramarital cohabitation. In *Anderson v. Brush–Wellman, Inc.* (1991), 77 Ohio App.3d 657, 603 N.E.2d 284, the Sixth District Court of Appeals found specifically that the right of consortium grows out of marriage and cannot exist without marriage. This finding precluded a widow from maintaining a claim for loss of consortium because she was not married to the decedent until five years after he was diagnosed with a terminal illness. See *Anderson* at 659, 603 N.E.2d at 285. See, also, *Hite v. Brown* (1995), 100 Ohio App.3d 606, 654 N.E.2d 452. These cases, along with the out-of-state cases cited by the defendants, stand for the proposition that marriage must precede any illness that ultimately gives rise to a claim for a loss of consortium. Further, public policy considerations have been raised supporting this notion that persons should not be encouraged to "marry a cause of action."

Defendants ask this court to apply this rationale to the plaintiffs' wrongful death claim. Defendants do not dispute the fact that the original loss of consortium claim was deleted from the amended complaint, but that because a major component of the plaintiff's wrongful death action involves damages for loss of consortium, he should be precluded from proceeding. See R.C. 2125.02 (damage provisions).

■ The plaintiff argues that the defendants' arguments are misplaced. Plaintiff contends that a wrongful death action is quite different from a claim for loss of consortium. A claim for loss of consortium has been recognized at common law for many years. See *Clouston v. Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St.2d 65, 51 O.O.2d 96, 258 N.E.2d 230. Conversely, an action for wrongful death is statutory in nature and operates as an exception to the common law. See *Monnin v. Fifth Third Bank of Miami Valley, N.A.*

(1995), 103 Ohio App.3d 213, 658 N.E.2d 1140. A cause of action brought under R.C. Chapter 2125 provides a single and distinct cause of action, involving multiple elements of damages. See *French v. Dwiggins* (1984), 9 Ohio St.3d 32, 9 OBR 123, 458 N.E.2d 827. This right of action is independent from any right or cause that may be brought by the injured person. See *Anderson, supra.* In fact, the court in *Anderson* permitted a widow to proceed with a wrongful death action even though she married her husband after he was diagnosed with a terminal illness. While it is not clear that this issue was squarely before the court, it implicitly rejects the defendants' argument.

Moreover, loss of consortium is but one of the several damage issues which may be raised in a wrongful death action. See R.C. 2125.02(B)(1) through (5) (damage provisions).

For these reasons, the court concludes that a claim for wrongful death differs significantly from a claim for loss of consortium and that the defendants' arguments by analogy must fail.

Further, R.C. 2125.02(A)(1) states that the wrongful death statute is "for the exclusive benefit of the surviving spouse * * * rebuttably presumed to have suffered damages by reason of the wrongful death." As such, these actions are creatures of statute; had the Ohio legislature chosen, it could have excluded persons under these circumstances from recovering. See, *e.g.,* R.C. 2125.01(B)(1). This court chooses not to substitute its judgment for that of the Ohio legislature.

■ However, this is not to say that the facts and circumstances surrounding the DeVine's relationship and marriage may not be explored by the defendants. R.C. 2125.02(A)(1) provides that the spousal presumption of damages may be rebutted. The defendants would be free to explore the parties' relationship and knowledge of the decedent's condition, along with other relevant facts, to dispute any claim for damages raised by the plaintiff. In similar circumstances, the issue of remarriage by statutory command may be presented to the jury. See R.C. 2125.02(A)(3)(a)(iii). See, also, *Pena v. Northeast Ohio Emergency Affiliates, Inc.* (1995), 108 Ohio App.3d 96, 670 N.E.2d 268,

Finally, while the court agrees that the public-policy concerns raised by the defendants are important, it may also be argued that precluding this plaintiff from proceeding may be have a deleterious effect upon the institution of marriage. If the court were to rule in the defendants' favor, others similarly situated may be dissuaded from marriage and those most in need of love, care, and companionship may be prevented from enjoying the benefits of marriage in their final days. This is certainly not a consequence that the court wishes to endorse or encourage.

In conclusion, the court finds that there are no disputed issues of material fact relating to this motion and that in construing the evidence most strongly in favor of the nonmoving party, the court finds as a matter of law that the defendants are not entitled to summary judgment. Therefore, the defendants' motions for summary judgment are overruled.

Prevailing counsel to prepare the appropriate entry.

*Judgment accordingly.*