OPINION OF THE COURT
John R. LaCava, J.
Plaintiff Ellen Lennon commenced this action for personal injuries sustained in a motor vehicle accident which took place on July 1, 2003 on Central Park Avenue in the City of Yonkers, *847 State of New York. Plaintiff Joseph Mazzelli sues for loss of Lennon’s services, society, and consortium.
The sole issue before the court is whether persons, like plaintiffs, who are not married to one another but who are registered domestic partners under section 3-240 et seq. of the New York City Administrative Code can maintain a derivative action for loss of the services and consortium of the other. The court answers the question in the negative.
It is a rule in this state that damages cannot be recovered under a claim for loss of consortium unless the party asserting said claim was lawfully married to the injured person at the time of the actionable conduct (Briggs v Butterfield Mem. Hosp., 104 AD2d 626 [1984]; see, Du Bois v Community Hosp. of Schoharie County, 150 AD2d 893, 894 [1989]; Lesocovich v 180 Madison Ave. Corp., 165 AD2d 963 [3d Dept 1990], lv denied 77 NY2d 804 [1991]; see also Rademacher v Torbensen, 257 App Div 91 [4th Dept 1939]). Since it is uncontroverted that plaintiffs were not married at the time the cause of action accrued, there is no basis for recovery of lost services or consortium of the other. The lawful passage of the New York City Domestic Partnerships Law (Administrative Code of City of NY § 3-240 et seq.; see, Slattery v City of New York, 266 AD2d 24 [1st Dept 1999], appeal dismissed 94 NY2d 897 [2000], lv dismissed in part and denied in part 95 NY2d 823 [2000]) does not compel a different result.
While the Domestic Partnerships Law properly
“established] a registry for domestic partners and extend[ed] certain rights and[health care and other] benefits to domestic partners of New York City employeesand to New York City residents who become domestic partners, . . . the City has not, by extending benefits to domestic partners, transformed the domestic partnership into a form of common law marriage . . . [T]here are enormous differences between marriage and domestic partnership, and,- in light of those very substantial differences, the [Domestic Partnership Law] cannot reasonably be construed as impinging upon the State’s exclusive right to regulate the institution of marriage.” (Slattery v City of New York, supra at 24-25.)
Just as well, it cannot be said that the expansion of rights accorded by the Domestic Partnerships Law was ever intended to reach beyond the
*848 “relatively minimal [benefits accorded under the Domestic Partnerships Law] compared to those of civil marriage. The benefits of domestic partnership are essentially limited to visitation rights with domestic partners in city facilities, health benefits, bereavement and child care leave for City employees, and eligibility to qualify as a family member for purposes of New York City-owned or operated housing. (See Administrative Code § 3-244 [a]-[f].)” (Hernandez v Robles, 7 Misc 3d 459, 467 [Sup Ct, NY County 2005].)
In sum, this State has always held that a lawful marriage is a prerequisite to a claim for loss of services and consortium. New York City’s determination to expand certain benefits and rights to those outside of a marital relationship does not compel or warrant a different result. Such an extension is judicially unprecedented, and this court is not persuaded that this reasonable and well-established precedent should be upset. “A line must be drawn somewhere . . . and absent a legislative dictate to the contrary, the existence of a valid marriage relationship is not an unreasonable place to draw that line” (Briggs v Butterfield Mem. Hosp., 104 AD2d 626, 627 [2d Dept 1984, Brown, J., concurring]).