Taylor, J.,
dissenting.
I respectfully dissent. I would reverse the trial court’s order barring the plaintiff from recovering wrongful death damages after almost 40 years of marriage to the decedent. The trial court dismissed the plaintiffs wrongful death claim because she was not married to the decedent when he was exposed to asbestos-containing products in the early 1970⅛. It bears emphasizing, however, that the decedent was not diagnosed with any asbestos-related illness until 2014. In dismissing the plaintiffs claim, the trial court incorrectly applied a common law rule governing loss of consortium claims to a cause of action that arose under the Wrongful Death Act. This common law rule, which limits loss of consortium recovery to spouses who are married at the time of the injury, cannot coexist with the Wrongful Death Act as written.
Under the Wrongful Death Act, marriage at the time of injury is not a necessary element of the cause of action. A wrongful death cause of action did not exist at common law. Nissan Motor Co. v. Phlieger, 508 So.2d 713, 714 (Fla. 1987). It is purely statutory and- supersedes the common law. As the Florida Supreme Court has noted on numerous occasions, the Legislature intended to create an entirely new and independent cause of action for survivors of injured persons who subsequently died from their injuries. Id. Both the text of the Wrongful Death Act and Florida Supreme Court precedent demonstrate the Legislature’s clear intent to grant a decedent’s survivors a brand new cause of action not previously recognized at common law.
As the majority correctly points out, “[ujnless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law.” Thornber v. City of Ft. Walton Beach, 568 So.2d 914, 918 (Fla. 1990). Here, however, the Wrongful Death Act meets both tests of Thomber.
First, the Legislature unequivocally stated that the Wrongful Death Act is a “remedial” statute, and is designed “to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer.” § 768.17, Fla. Stat. (2015). This constitutes an unequivocal statement that the Wrongful Death Act is in derogation of the common law. By definition, a remedial statute is “designed to correct an existing law” or to give a *348 party a “remedy for a wrong, where he had none, or a different one, before.” Adams v. Wright, 403 So.2d 391, 394 (Fla. 1981) (citation omitted).
Second, the Wrongful Death Act is so repugnant to the common law rule regarding consortium claims that the two cannot coexist where the plaintiff is asserting a claim for wrongful death. We have explained that the cause of action for wrongful death is “created and limited” by the Wrongful Death Act. Hess v. Hess, 758 So.2d 1203, 1204 (Fla. 4th DCA 2000). Applying the common law “marriage at the time of injury” rule to the facts of this case would require us to rewrite the Wrongful Death Act. The Wrongful Death Act sets forth the exclusive list of individuals who are entitled to recover damages as statutorily-designated “survivors.” It follows that the Wrongful Death Act is repugnant to any copimon law rule that would effectively modify the definition of the term “survivors” under the Act. Stated another way, applying the common law requirements of a consortium claim to a wrongful death claim would alter the category of “survivors” that may recover damages under the Wrongful Death Act, thereby limiting the class of “survivors” in a way that was not authorized by the Legislature. This result is wholly repugnant to the plain language of the statute.
As noted above, the “marriage at the time of injury” element of a common law loss of consortium claim simply does not apply to a -wrongful death action. Under the Wrongful Death Act, the decedent’s personal representatives “shall recover for the benefit of the decedent’s survivors and estate all damages, as specified in this act, caused by the injury resulting in death.” § 768.20, Fla. Stat. (2015). “Survivors” are defined as:
the decedent’s spouse, children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the child born out of wedlock of a mother, but not the child born out of wedlock of the father unless the father has recognized a responsibility for the child’s support.
§ 768.18(1), Fla. Stat. (2015).
As for damages, a wrongful death claim is “brought on behalf of the survivors, not to recover for injuries to the deceased, but to recover for statutorily identified losses the survivors have suffered directly as a result of the death.” City of Pompano Beach v. T.H.E. Ins. Co., 709 So.2d 603, 605 (Fla. 4th DCA 1998). The statute provides that the surviving spouse may recover “for loss of the decedent’s companionship and protection and for mental pain and suffering” and “the value of lost support and services” from the date of the decedent’s injury to her or his death. § 768.21(l)-(2), Fla. Stat. (2015).
In interpreting a statute, we must first consider “[t]he plain meaning of the statutory language.” St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla. 1982). No language in the Wrongful Death Act states or even suggests that a surviving spouse must be married to the decedent at the time of injury to recover the delineated damages. The statute gives a right of action not had under common law and it must be limited strictly to the meaning of the language employed and not extended beyond its plain and explicit terms.
The statute defines “survivors” as including “the decedent’s spouse” without any other limitation. See § 768.18, Fla. Stat. (2015). Further, section 768.21, which governs recoverable damages, does not state that a spouse must be married to the decedent at the time of the decedent’s injury. Under the clear terms of the Wrongful Death Act, a cause of action for *349 the recovery of wrongful death damages vests in favor of the surviving spouse on the date of death of the decedent. Thus, the only relevant time for the determination of an individual’s status as a survivor is the time of the decedent’s death. See, e.g., Powell v. Gessner, 231 So.2d 50, 51 (Fla. 4th DCA 1970) (“[T]he status of a child in respect to its right to sue for the wrongful death of a parent is determined at the time of the death of the parent.”).
The majority contends that the language of section 768.21(2) implies that the Legislature assumed the surviving spouse would be married to the decedent on the date of injury. Section 768.21(2) states that “[tjhe surviving spouse may also recover for loss of the decedent’s companionship and protection and for mental pain and suffering from the date of injury.” However, the clause “from the date of injury” does not provide a limitation as to who may recover, but rather indicates what a surviving spouse may recover. Accordingly, the statute does not limit recovery to those surviving spouses who are married to the decedent at the time of injury.
While the Legislature may not have contemplated the unique facts of this particular case, the term “survivors” is unambiguous. As our supreme court has explained, “[e]ven where a court is convinced that the legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity.” Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 454 (Fla. 1992) (quoting Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 694 (1918)).
Although the common rule governing consortium claims and the Wrongful Death Act providing “consortium-like” damages have been around for decades, the issue of whether the common law “marriage at the time of injury” rule should be incorporated into the Wrongful Death Act appears to be a matter of first impression in Florida. This is not, however, an issue of first impression in the United States. Courts addressing this issue in other states- have rejected outright the argument that the common law “marriage before injury” rule deprives surviving spouses of their right to maintain statutory actions for wrongful death. These jurisdictions support the spouse’s right to recover for consortium-like damages where such damages are provided by statute, regardless of whether the spouse and decedent were married at the time of the initial injury that resulted in death. Moreover, to my knowledge, no other appellate court in the history of American jurisprudence has come to the conclusion reached by the majority.
In Lovett v. Garvin, 232 Ga. 747, 208 S.E.2d 838 (1974), for example, the Georgia Supreme Court held that the husband’s right of action for tortious homicide of his wife under the wrongful death statute accrued at the time of the wife’s death from the injuries inflicted by the defendant— thus, because the husband and wife were married at the time of the wife’s death, the husband was entitled to bring a wrongful death action even though the husband and wife were not married at the time the injuries were inflicted.
The Lovett court wrote that “[sjince the [wrongful death statute] gives a right of action not had under common law, it must be limited strictly to the meaning of the language employed and not extended beyond its plain and explicit terms.” Id. at 840. The court went on to explain that:
Nothing in the language of this statute states or implies that the husband must be married to the wife at the time the injuries from which she subsequently dies are inflicted. Therefore, we agree that the right of action accrues at the time of the death of the wife. Since at *350 the time of the decedent’s death here she was lawfully married to the plaintiff, he was entitled to bring an action for damages against the defendant for her wrongful death under the law of this state.

Id.

Similarly, in DeVine v. Blanchard Valley Medical Associates, Inc., 103 Ohio Misc.2d 40, 725 N.E.2d 366 (Ct. Comm. Pls. Ohio 1999), a case where the husband brought a wrongful death action against health care providers for their negligent failure to properly diagnose and treat his wife’s cancer, the Ohio court held that the husband was not precluded from seeking damages for loss of consortium in his wrongful death action although the husband and wife were not married when the wife was diagnosed with cancer.
After acknowledging the common law rule that a spouse must be married at the time of injury to recover for loss of consortium, the DeVine court noted that the Ohio wrongful death statute was an independent cause of action and that nothing in the statute limited recovery. The court concluded that a claim for wrongful death differs significantly from a claim for loss of consortium, stating as follows:
A claim for loss of consortium has been recognized at common law for many years. Conversely, an action for wrongful death is statutory in nature and operates as an exception to the common law. A cause of action brought under R.C. Chapter 2125 provides a single and distinct cause of action, involving multiple elements of damages. This right of action is independent from any right or cause that may be brought by the injured person.
Id. at 369 (internal citations omitted).
Likewise, in Du Bois v. Community Hospital of Schoharie County, Inc., 150 A.D.2d 893, 540 N.Y.S.2d 917 (N.Y. App. Div. 1989), a New York appellate court affirmed the trial court’s denial of the hospital’s motion to dismiss a widow’s wrongful death action. There, the appellate court drew a distinction between a common law loss of consortium claim and wrongful death damages sought by a spouse. The court stated that although a claim for loss of consortium is not permitted unless the surviving spouse was married to the injured person at the time of the actionable conduct, “that is not the case with a wrongful death cause of action.” Id. at 918. The court held that the widow’s rights as a beneficiary of the decedent are not affected by when the marriage occurred as long as the parties were married at the time of the decedent’s death. Id.
Finally, in Corley v. State, Department of Health & Hospitals, 749 So.2d 926, 942 (La. App. 2d Cir. 1999), the court explained that for purposes of a wrongful death action, “it is irrelevant what the relationship between the claimants and the decedent was at an earlier time, such as at the time of the act or omission which caused or set in motion the death[.]”
These decisions illustrate that courts across the country have routinely rejected the appellees’ argument. In fact, as far as I am aware, the majority’s decision is the first time any court has held in a reported opinion that the common law requirements of a consortium claim barred a spouse from asserting a statutory claim for wrongful death where the injury occurred before the marriage. See Wade R. Habeeb, Right of spouse to maintain action for wrongful death as affected by fact that injury resulting in death occurred before marriage, 69 A.L.R.3d 1046 (2011 update) (collecting cases that uniformly reject the appellees’ argument).
Under Florida’s Wrongful Death Act, the surviving spouse is entitled to maintain a claim for all those statutorily identified losses that he or she has suffered directly as a result of the death of the decedent. *351 This includes the bundle of services and benefits specified in the act which we commonly call “consortium.” The Legislature, by including these damages without basing their recoverability on the surviving spouse’s relationship to the decedent at the time of injury, clearly intended that such damages be recoverable in a wrongful death action. Here, the plaintiffs wrongful death claim is not a common law claim for loss of consortium deriving from her late husband’s claim for personal injury, but is a claim based on a wholly independent and distinct cause of action authorized by the Legislature. According to the statute, her rights vested upon the death of her husband. The date of their marriage is immaterial.
In sum, I would reverse the trial court’s dismissal of the plaintiffs wrongful death consortium claim. The trial court incorrectly applied the common law rule concerning consortium claims in personal injury cases to the plaintiffs statutory claim for wrongful death. In doing so, the court barred the plaintiff from recovering a significant portion of the damages provided by the Legislature for surviving spouses of those who died from injuries caused by the negligence of others.